# The Illinois Central Railroad Company

## *v.*

# Benjamin M. Hetherington.

1. Negligence—*instruction excluding negligent acts of deceased.* An instruction which, in effect, excludes from the consideration of the jury any negligence of the deceased, except the fact of her being a trespasser upon the track of the defendant's railroad, in an action by her personal representative to recover damages for her death by being struck by an engine, where the proof tends to show negligence on her part in other respects, is erroneous, as being calculated to mislead.

2. Same—*recovery, when plaintiff is guilty of gross negligence.* If the conduct of one killed while walking upon a railroad track amounts to gross negligence, no recovery can be had of the company, unless it was guilty of wilful or criminal negligence.

3. Same—*jury not confined to any one particular act.* In determining whether a person killed while traveling upon a railroad track was guilty of negligence contributing materially to the injury, and the degree of such negligence, as compared with that of the company, the court, in its instructions, should not confine the jury to the consideration of the fact that the deceased was simply a trespasser, but they should also consider her each and every other act and omission proved, materially contributing to the injury.

4. Same—*when that of injured person prevents a recovery.* Where a person walking along the track of a railroad in a city, without right, is struck by a train coming in, and killed, at a place not a public crossing, and it appears such person used no precaution to guard against danger, although he knew he was in a place of danger, not even looking back to see if a train was approaching, no recovery can be had, notwithstanding the company may have been guilty of negligence in running the train at a speed greatly in excess of that fixed by ordinance.

5. The fact that persons residing in the locality where an accident occurs have been in the habit of traveling upon the right of way of a railway company, without any measures being taken to prevent such acts, will not change the relative rights or obligations of one injured while upon the track, or those of the company. Such person will still be a trespasser.

6. Same—*persons crossing railroad should use proper precautions.* It is the duty of persons about to cross a railroad track to look about them and see if there is danger; not to go recklessly upon the track, but to observe the proper precautions themselves to avoid accident.

7. Same—*rule when both parties are negligent.* Although a recovery may be had by a party guilty of contributory negligence, where his is

slight and that of the defendant is gross, yet it is indispensable to a right of recovery that the injured party shall have exercised ordinary care, such as a reasonably prudent person will always adopt for the security of his person or property, or that the injury be wilfully or wantonly inflicted by the defendant.

8. SAME—*what amounts to wilful or wanton.*   Where the ordinances of a city prohibit railway companies from running their trains, in the city, at a greater rate of speed than six miles an hour, the running of a train at the rate of fifteen miles an hour, resulting in the death of one wrongfully upon the track, will not make the injury wilful or wanton on the part of the company.

APPEAL from the Superior Court of Cook county; the Hon. Josiah McRoberts, Judge, presiding.

This was an action on the case, by the appellee, as administrator of the estate of Julia Lawlor, deceased, against the Michigan Central Railroad Company and the appellant, jointly, to recover damages for alleged negligence of defendants, causing the death of plaintiff's intestate.

Before trial the suit was dismissed as to the first named company, and thereupon a trial was had, resulting in a verdict and judgment for $2600 for the plaintiff.

Mr. John N. Jewett, and Mr. Chas. T. Adams, for the appellant.

Messrs. Lawrence, Campbell & Lawrence, for the appellee.

Mr. Justice Craig delivered the opinion of the Court:

A number of questions have been raised and elaborately discussed in regard to the ruling of the court, in the giving, refusing and modification of certain instructions, but after a careful examination of all the instructions, we are inclined to the opinion that no error affecting the substantial merits of the case occurred in that regard, except in the giving of appellee's instruction No. 5, which was as follows:

" If the jury believe, from the evidence, that Julia Lawlor was killed on the track of the Illinois Central Railroad, within

the city of Chicago, and that said train was running at the rate of fifteen miles per hour, and that the city ordinance prohibited trains from running within said city faster than six miles per hour, then the law is, that it was negligence on the part of said railroad company to allow said trains to run at the rate of fifteen miles per hour; and the jury are instructed further, that if they believe said Julia Lawlor was a trespasser upon the track of the Illinois Central Railroad, they are to consider whether her negligence in being upon said track was slight in comparison with that of the defendant, and if they believe, from the evidence, that it was, then they are authorized . to find for the plaintiff."

This instruction, although artfully drawn, was calculated to mislead the jury. It, in effect, excluded from their consideration any negligence of the deceased, except the bare fact that she might have been a trespasser upon the track, when the evidence tended to show the track where she was walking was an exceedingly dangerous place, on account of the number of trains that were constantly passing and repassing, and also tended to establish the fact that the deceased walked with her back to the direction from which the train came that caused her death, without using the usual precaution to look back to avoid danger from an approaching train. If the conduct of the deceased on the track amounted to gross negligence on her part, she could not recover, unless the railroad company was guilty of wilful or criminal negligence; and yet the jury were told, by the instruction, that they were to consider whether the negligence of the deceased, in being upon the track as a trespasser, was slight in comparison with that of the defendant, and if they found it was, she could recover.

If it was the province of the jury to settle the rights of the parties, by instituting a comparison of the negligence of the deceased and the railroad company, that duty could not be properly discharged. without a consideration, not only of the fact that the deceased might have been a trespasser on the right of way of the defendant, but also her each and

every act and omission which materially contributed to the injury. The instruction, however, did not place the question in that attitude before the jury, and we think it was calculated to mislead them upon a vital point in the case, and upon this ground, if for no other, we would be compelled to reverse the judgment.

But we are not satisfied, from the evidence, that the plaintiff was entitled to recover. It is true, the railroad company was negligent in running its trains within the limits of the city at a greater rate of speed than six miles per hour, in defiance of the ordinance of the city, but this accident did not occur at a railroad crossing, or at a place where the deceased, at the time, had a legal right to be.

The deceased, when injured, was walking, in company with another young lady, upon the right of way of the railroad company, for pleasure. She was walking down the track when overtaken by a train going into the city, struck in the back, and killed. At the place where the accident occurred, one of her own witnesses says the headlight of the train could have been seen, by one looking, for nearly a mile. There is a conflict in the evidence as to the ringing of the bell, but those in charge of the engine testify positively that it was ringing before and at the time of the accident. But, be that as it may, it is apparent that the deceased was familiar with the danger likely to overtake any person who might travel up and down the track, as she lived near by, and, doubtless, knew that trains were constantly passing and repassing. It is also true, so far as we are able to learn from the evidence, that no precaution was used to guard against the dangerous position in which the deceased had placed herself. Besides, the deceased had no right whatever to be walking upon the track of the railroad company. She occupied the position of a trespasser. The fact that persons residing in the locality where the accident occurred had been in the habit of traveling upon the right of way of the defendant, and no measures had been taken to prevent it, did not change the relative rights or obligations of the deceased or the railroad company.

33—83d Ill.

In the case of *Illinois Central Railroad Company* v. *Godfrey*, 71 Ill. 500, where an action was brought to recover for an injury received by the plaintiff while traveling upon the right of way of the company, it was contended there, as here, that as certain citizens had been in the habit of passing and repassing over a portion of the defendant's right of way where the injury occurred, the plaintiff had acquired some right which affected the defendant's situation towards him. But it was there said: "The right of way was the exclusive property of the company, upon which no unauthorized person had a right to be, for any purpose. The plaintiff was traveling upon defendant's right of way, not for any purpose of business connected with the railroad, but for his own mere convenience as a footway in reaching his home, or on return from a search after his cow. There was nothing to exempt him from the character of a wrongdoer and trespasser in so doing, further than the supposed implied assent of the company, arising from their non-interference with a previous like practice by other individuals.

"But because the company did not see fit to enforce its right and put people off its premises, no right of way over its ground was thereby acquired. It was not bound to protect or provide safeguards for persons so using its grounds for their own convenience.

"The place was one of danger, and such persons went there at their own risk, and enjoyed the supposed implied license subject to its attendant perils. At the most, there was here no more than a passive acquiescence in this use. A mere naked license or permission to enter or pass over an estate, will not create a duty or impose an obligation on the part of the owner to provide against the danger of accident."

If, then, the deceased was a wrongdoer on the track of the railroad company, or was in the enjoyment of a bare license or assent, tacitly given, without consideration, is she or her representative in a position to complain of the negligence of the defendant?

In *Illinois Central Railroad Company* v. *Baches*, 55 Ill. 379, it was held, that while all persons have a right to cross the railroad track at the intersection of the two ways, it is the duty of such person to do so with all reasonable dispatch, and it would be negligence in an intelligent person to be on the track of a railroad constantly used, unless for the purpose of crossing the same.

· This court has often held it to be a duty of persons about to cross a railroad track, to look about them and see if there is danger; not to go recklessly upon the road, but to take the proper precautions themselves to avoid accidents at such places. *Chicago and Rock Island Railroad Company* v. *Still*, 19 Ill. 500; *Galena and Chicago Union Railroad Company* v. *Dill*, 22 Ill. 264.

· In the case of *Chicago and Alton Railroad Company* v. *Gretzner*, 46 Ill. 74, it was said: "If a party rushes into danger which, by ordinary care, he could have seen and avoided, no rule of law or justice can be invoked to compensate him for any injury he may so receive. He must take care, and so must the other party."

In *Illinois Central Railroad Company* v. *Godfrey*, *supra*, it was said: As a general rule, it is culpable negligence to cross the track of a railroad at a highway crossing, without looking in every direction that the rails run, to ascertain whether a train is approaching. Shearm. & Redf. on Negligence, 488, and cases cited in the note. And the same degree of care and precaution, of course, would be required on the part of one traveling laterally upon the track.

Here, the deceased was wrongfully upon the defendant's right of way, traveling laterally upon the track. No care, so far as is shown by the evidence, was taken to guard against danger. There was space enough on either side of the track, where she might have walked and avoided the injury, but even this precaution she failed to observe. Under these circumstances, it is plain, in the view of, and under the rule announced in the authorities cited, the negligence of the deceased was gross. While the rule is well settled in this State, that a

recovery may be had by a party who has been guilty of contributory negligence, where his negligence is slight and that of the defendant gross, yet the authorities all agree that it is an indispensable element to the right of action in every case, that the plaintiff or party injured must have exercised ordinary care, such as a reasonably prudent person will always adopt for the security of his person or property.

There are no degrees of gross negligence. The authorities are uniform that, where the party injured has been guilty of gross negligence, an action will not lie, unless the injury was wilfully or wantonly inflicted by the defendant. *Chicago, Burlington and Quincy Railroad Company* v. *Lee*, 68 Ill. 576.

We have been cited, in the argument, to the case of *Indianapolis and St. Louis Railroad Company* v. *Galbreath*, 63 Ill. 436, as an authority sustaining the position of appellee. The decision of that case is predicated upon the ground that the negligence of the railroad company was wilful and criminal, but in this case it is not claimed or pretended that the injury was occasioned by the wanton or wilful conduct of the railroad company.

While it is true, the railroad company was running its train at a greater rate of speed than allowed by the ordinance of the city of Chicago, yet that fact did not relieve the deceased from the exercise of ordinary care, nor can the speed of the train alone be regarded as furnishing a sufficient reason for holding that the injury was wilful or wanton.

Where a person voluntarily, and without authority, undertakes to travel upon a railroad track, he ought not to recover damages for an injury received, unless it was wanton or wilful. The safety of the traveling public demands that the right of way of a railroad company should be unobstructed. *Railroad Company* v. *Norton*, 12 Harris, 465; *Railroad Company* v. *Mulherin*, Supreme Court of Pa., decided May 8, 1876, unreported, and cases there cited.

For the errors indicated, the judgment will be reversed and the cause remanded.                    *Judgment reversed.*

Mr. JUSTICE WALKER: I am unable to concur in the reasoning or conclusion in this case. The train was running at a rate of speed largely greater than the ordinance allowed; and persons were in the habit of passing across and along the track at this place, and I hold that the speed of the train was, under the circumstances, wanton, if not reckless, and the judgment should be affirmed.

Mr. JUSTICE DICKEY: I concur with the views expressed in the opinion as to the instruction commented upon, but I do not concur in the views expressed as to the relative degrees of negligence of the parties. The question of negligence and relative negligence are questions of fact, for the judgment of a jury.