BERNARD RODEN

v.

CHICAGO AND GRAND TRUNK RAILWAY COMPANY.

*Railroads—Personal Injuries—Negligence—Practice—Instruction to Find for Defendant.*

1. Where one is injured by a railroad company, while negligently walking along its right of way, in order to recover, he must show that the injury could have been avoided by the exercise of ordinary care on the part of the servants of the company, and that they failed to exercise such care.

2. Where the evidence of the plaintiff is insufficient to sustain a verdict for him, if obtained, the trial court may properly direct a verdict for the defendant.

[Opinion filed March 13, 1889.]

APPEAL from the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding.

Messrs. BURKE & HOLLETT and JOHN GIBBONS, for appellant.

Mr. F. H. CULVER, for appellee.

*Per Curiam.* This was an action brought by appellant to recover damages for an injury received by him, by being struck by an engine which was being run by the servants of appellee. At the time of the injury appellee was walking on the track of appellant at a point between Archer avenue and Twenty-third street in Chicago.

The case came on for trial before a jury, and after the plaintiff had introduced all his evidence, the court, at the request of appellee, instructed the jury to find a verdict for the defendant. This is assigned for error. We do not deem it necessary in deciding this case in this court, to set out all the evidence in detail. Appellee went upon the railroad track and walked along it at a point where he knew trains

and engines were very frequently passing. He was there without right, and his being there was negligent on his part. It is well settled by numerous authorities that where one is injured by a railroad company under such circumstances, he must, in order to recover, show that his injury could have been avoided by the exercise of ordinary care on the part of the servants of the company, and that they failed to exercise such ordinary care. Lake Shore & M. S. R. R. Co. v. Blanchard, 15 Ill. App. 586.

There is no evidence in this case from which such an inference can be drawn. Admitting all that the evidence tended to prove, it failed to establish that appellee's servants were guilty of any such negligence in managing the engine by which appellant was struck, as would show the act to be wanton, or to have been done when, if they had exercised ordinary care, it would not have happened. I. C. R. R. v. Godfrey, 71 Ill. 500; I. C. R. R. v. Hetherington, 83 Ill. 510.

The court did not err in taking the case from the jury and the judgment must therefore be affirmed.

*Judgment affirmed.*