## Bauka Kingma v. Chicago & N. W. Ry. Co.

1. LIMITATIONS — *Filing Additional Counts.*—When an additional count does not introduce a new cause of action, but is a re-statement, by way of amendment, of the cause of action set up in the original declaration, a plea of the statute of limitations to such additional count is not good.

2. INSTRUCTIONS—*Negligence a Question of Fact.*—An instruction which tells the jury that if there were several ways over which the plaintiff could have traveled in safety, and he chose to travel upon the track, they should find the defendant not guilty, is erroneous; the question as to whether the defendant was guilty of negligence in walking upon the track was for the jury.

3. SAME—*Assuming Injured Person to be a Trespasser.*—Whether or not the plaintiff was a trespasser was a question of fact for the jury, and it was erroneous for the court to give instructions to the jury that assumed that he was a trespasser.

4. NEGLIGENCE—*A Question of Fact for the Jury.*—The question whether a person while walking upon the tracks of a railroad is using due care or is grossly negligent is not a question of law for the court, but one of fact for the jury, under the evidence, environments, and attendant circumstances of the case.

5. SAME—*Duty to Look and Listen.*—It can not be said as a matter of law that a traveler is bound to look or listen; there may be various modifying circumstances, excusing him from doing so.

Action in Case, for personal injuries. Error to the Circuit Court of Henry County; the Hon. JOHN C. GARVER, Judge, presiding. Heard in this court at the May term, 1899. Reversed and remanded. Opinion filed October 12, 1899.

WOODLE & ARNOLD, attorneys for plaintiff in error; EDWARD R. WOODLE, of counsel.

JOHN B. LYON, attorney for defendant in error.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This was an action on the case brought by plaintiff in error against the defendant in error to recover damages for injuries sustained by him while walking on the railroad track of the latter.

Bauka Kingma, the plaintiff in error, was at the time he received the injuries complained of, a section hand working on defendant in error's railroad under a section boss named Christian DeYoung, whose section extended from a point a mile north, to another two and a half miles south of Waukegan. On the evening of November 6, 1894, at 5:15 P. M., plaintiff in error, in company with said DeYoung and two other section hands, started north on a hand car on said railroad toward the Waukegan depot, from a point about a mile south thereof, making the trip in about four minutes. As he went by the depot, the section boss saw a message in his box for him and got off the car, telling the men to put the car in the section house and he would go and see about the message. At this point defendant in error has two main tracks running north and south, the west one being the track for the north bound trains and the east one for south bound trains. There were several side tracks east of the main track and also what was known as a " spur track" west of the main tracks extending from a point north of the section house to about the place where the accident occurred. The section house was about one thousand feet north of the depot. A passenger train was due that evening from the north at 5:25 and another from the south at 5:27. Defendant in error had a rule that the tracks must be cleared ten minutes before all passenger trains were due and the section boss had informed plaintiff in error of this rule. After the car was housed, plaintiff in error and the two other section hands started back toward the depot, going south on the west, or north bound track. At this time a passenger train came in from the north on the east track and passed them. When within some 700 feet of the depot and just as the passenger

train going south had fairly passed them, the three men were struck by the tender of one of defendant in error's freight engines going south, running backward on the north bound track, to take water at a tank near the depot. Plaintiff in error received severe and permanent injuries, one of his companions was killed and the other one injured to some extent.

The declaration charged negligence on the part of the employes of defendant in error in managing the said engine and in failing "to keep a lookout thereon," in running the engine backward after dark without any light upon the rear of the tender, in running backward in the dark without a headlight, at a high rate of speed, and failure to ring the bell on the engine. The general issue was filed and upon trial a verdict was rendered by the jury in favor of defendant in error.

It is insisted by plaintiff in error that the court erred in refusing to permit him to file an amended count to his declaration during the trial and also in regard to certain instructions refused for plaintiff in error, and given for defendant in error.

At the close of plaintiff's testimony and again at the close of the case, plaintiff in error asked leave to amend his declaration by adding thereto another count. The count offered as an amendment was substantially the same as the other counts, except that it averred that the injury complained of was willfully, recklessly and wantonly inflicted. Defendant objected to the filing of said count, saying: " Our objection is general. It is not the proper time to file it. Further, the statute of limitations has run against bringing any new suit." This objection was sustained by the court and plaintiff excepted. We think the court should have permitted plaintiff in error to file his additional count, but this error would not of itself be sufficient to reverse the case, as plaintiff in error was permitted to introduce evidence of the matters alleged in the amended count under the other counts of the declaration.

In Blanchard v. L. S. & M. S. Ry. Co., 126 Ill. 416, which

was a suit to recover damages for the death of appellant's intestate, through the alleged negligence of appellee, the plaintiff below filed an additional count to his declaration, charging defendant with a wanton and reckless disregard of its duty. To this additional count the defendant pleaded the statute of limitations, to which plaintiff demurred. The trial court, however, held the plea good and overruled the demurrer. The Supreme Court, in the opinion filed in the case, used the following language:

"The trial court erred in overruling the demurrer to the plea of the statute of limitations. The additional count did not introduce a new cause of action, but was a mere re-statement, by way of amendment, of the cause of action set up in the original counts of the declaration. The plea of the statute of limitations to the additional count was not, therefore, a good plea. But this error worked no harm to the appellant, as all the evidence proper to be introduced under the additional count was permitted to be introduced under the other counts."

The tenth instruction given for defendant, told the jury that if there were several ways over which plaintiff in error could have traveled from the section house south in safety, and he chose to walk upon the track, they should find the defendant not guilty; and instruction No. 13 was substantially to the same effect. These instructions were erroneous in that they told the jury as a matter of law that the plaintiff could not recover if he chose to walk upon the track where he received his injury. Whether the defendant was guilty of negligence in walking upon such track, was a question of fact for the jury and not one of law.

In I. C. R. R. Co. v. Haskins, 115 Ill. 300, it was held, in an action against the railroad company to recover damages for personal injuries received by the appellee while walking upon the tracks of appellant, that the question whether appellee was using due care or was grossly negligent was not a question of law to be determined by the court, but one of fact to be ascertained by the jury under all the evidence, environments and attendant circumstances.

The eleventh instruction given for defendant, stated, among other things, that it was the duty of the plaintiff to

proceed cautiously and look and listen both ways for the approaching trains or engines. In C., B. & Q. R. R. Co. v. Gunderson, 174 Ill. 495, it was held that "it is not proper to tell the jury what acts or omissions will constitute negligence; that it was the duty of the deceased to have looked and listened," etc. In C. & N. W. R. R. Co. v. Hansen, 166 Ill. 623, it was said: "It has been repeatedly held that it can not be said as a matter of law that a traveler is bound to look or listen, because there may be various modifying circumstances, excusing him from doing so. * * * It seems to us impossible that there should be a rule of law as to what particular thing a person is bound to do for his protection in the diversity of cases that constantly arise, and the question what a reasonably prudent person would do for his own safety, under like circumstances, must be left to the jury as one of fact." The above instruction, therefore, failed to state the law correctly.

The fourteenth instruction given for defendant, told the jury that if they believed from the evidence in the case that neither the engineer nor fireman in charge of and upon the engine which struck the plaintiff, saw the plaintiff or either of his companions, before the plaintiff was struck by said engine, then the plaintiff could not recover. And the fifteenth and sixteenth instructions told them that the law did not impose any duty whatever upon the freight engineer to discover the plaintiff's presence upon the track, but only required him to exercise ordinary care to prevent injury to the plaintiff, after he discovered the latter and became aware of the dangers to which he was exposed. These instructions assume that the plaintiff was a trespasser upon the track of defendant at the time of the accident and are based upon the theory that a railroad company is not bound to keep a lookout for trespassers walking upon the track. There was a conflict in the evidence as to whether plaintiff was rightfully upon the track in the prosecution of the business of the company, at the time of the accident. Whether or not he was rightfully there was a question of fact for the jury, and it was manifestly errone-

ous for the court to give instructions to the jury which assumed that he was a trespasser.

Instruction No. 18 given for defendant was as follows :

" The court instructs you that the rule in evidence about keeping the tracks clear for ten minutes before the arrival of a train, is a rule made for the defendant in the management of its trains, and is not applicable to the case on trial."

In C. & A. R. R. Co. v. Kelly, 75 Ill. App. 490, where a rule concerning the running of railroad trains was in question, it was said by the court: " It is insisted that the rule was intended solely for the government of appellant's employes in the operation of trains and not to influence the conduct of others, and that Kelly had no right to rely upon it.  *  *  *  If he knew the rule he had a right to suppose that it would be observed and doubtless his movements in the discharge of his duties in the transfer of mail were influenced by it."   The rule in evidence in this case was no doubt made for the purpose of avoiding just such accidents as the one we are considering.   It appears from the evidence that plaintiff in error had been informed of the rule, and he consequently had a right to suppose it would be observed.   The statement, therefore, in the instruction, that the rule in question was not applicable to the case on trial, was erroneous.

For the above errors, the judgment in this case will be reversed and the cause remanded for another trial.   Reversed and remanded.