## Chicago & Alton Ry. Co. v. Isabelle Stone, Adm'x.

1. ORDINARY CARE—*Plaintiff Must Prove, Before He Can Recover for Death of His Decedent.*—Before a plaintiff can recover for the death of his decedent he must prove by a preponderance of the evidence that at the time of and immediately preceding the occasion on which the decedent received the injuries causing his death, he was in the exercise of ordinary care for his own safety, unless it should be shown that defendant willfully and wantonly inflicted such injuries.

2. NEGLIGENCE—*Violation of Ordinance is Not Sufficient to Show a Willful Infliction of Injuries.*—The mere fact that a train was running at a greater speed than was permitted by an ordinance, can not alone be regarded as sufficient reason for holding that an injury caused by such train when so running was willfully or wantonly inflicted.

Trespass on the Case.—Death from negligent act. Appeal from the City Court of East St. Louis; the Hon. SILAS COOK, Judge presiding. Heard in this court at the February term, 1903. Reversed. Opinion filed September 10, 1903.

CHARLES P. WISE, attorney for appellant.

M. MILLARD and F. C. SMITH, attorneys for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This was an action by appellee as administratrix of the estate of her husband, George F. Stone, deceased, to recover damages for his death, alleged to have been caused by the negligence of appellant.

The declaration contained four counts. The first charged that on January 13, 1902, in the village of Madison, Illinois, appellant so negligently and carelessly ran and drove a certain locomotive engine and train attached thereto, up and over a street crossing in said village, as to strike and cause the death of the said Stone, who was crossing said street on foot. The second alleged the failure to sound either bell or whistle. The third charged the running of the train at a rate of speed prohibited by the village ordinance; and the fourth, that the defendant willfully and wantonly ran and drove the same over said crossing and struck and killed said Stone. There was a plea of the gen-

eral issue, a trial by jury, and a verdict for $2,500. A motion for a new trial was overruled and judgment entered for the amount of the verdict.

At the crossing in question there were four railroad tracks. First, on the east, the main track of the Wabash railroad, then the Wabash side track, next the main track of the Cleveland, Cincinnati, Chicago and St. Louis Railway, called the Big Four, and last on the west the main track of the Chicago & Alton Railway. By an arrangement between the two companies, all north-bound trains of the Chicago & Alton and Big Four railways went over the tracks of the Big Four, and all south-bound trains of the two companies went over the tracks of the Chicago & Alton Railway. The distance between the Wabash tracks and the Big Four track was some sixty-seven feet and between the Big Four track and the Chicago & Alton track twenty feet. The Big Four track was raised some five feet above the level, giving a clear view of trains thereon for some distance to the south. At the time of the injury, the deceased, Stone, and the witness Brandt, were attempting to cross the tracks from east to west. After they had passed over the Wabash tracks, their attention was attracted by a south-bound freight train, coming toward them on the Chicago & Alton tracks. Stone, who was some ten or fifteen feet in front of Brandt, motioned to a party on the freight engine. At the same time Brandt discovered a passenger train of appellant, coming north on the Big Four track, and called to Stone to attract his attention. A brakeman on the freight train also called to Stone to warn him of his danger. There was an automatic electric gong located at the crossing, between the tracks of appellant and the Big Four track, which was sounding at the time, and it also appeared from the evidence that the engineer of the approaching passenger train sounded the alarm whistle before reaching the crossing, but as to just how long before Stone was struck the whistle was sounded, there was a difference of opinion among the witnesses. There was nothing to obstruct Stone's view of the approaching train for at least a quarter of a mile south

of the crossing, had he looked toward it. He appears, however, to have fixed his attention solely upon the freight train, or the party on the engine, to whom he was motioning, and failed to look down the track toward the approaching passenger train, or to heed, if indeed he heard, the several warnings of danger given him.

Before appellee could be entitled to recover in this case, it was necessary for her to prove by a preponderance of the evidence that at the time of and immediately preceding the occasion on which he received the injuries causing his death, deceased was in the exercise of ordinary care for his own safety, unless it should be shown that appellant willfully and wantonly inflicted such injuries. There is no proof that the servants of appellant, in charge of the engine and train, were actuated by willfulness or wantonness, on the occasion in question. It is true that the evidence tended to show that the train was running at a greater rate of speed than the limit provided for by the ordinances of the village of Madison, within the limits of which the accident is claimed to have occurred. The mere fact, how-. ever, that the train was running at a greater rate of speed than was permitted by the ordinance, can not alone be regarded as sufficient reason for holding that the injury was willfully or wantonly inflicted. I. C. R. R. Co. v. Hetherington, 83 Ill. 510; Blanchard v. L. S. & M. S. Ry. Co., 126 Ill. 416; I. C. R. R. Co. v. Eicher, 202 Ill. 556.

There being no proof of actual willfulness or wantonness on the part of appellant's employes in charge of the engine and train which struck deceased, and the fact that the train was running at a greater rate of speed than permitted by the ordinance of the village not being alone sufficient reason for holding that the injury was willful or wanton in this case, there was nothing to relieve deceased from the exercise of ordinary care on his part.

The evidence, however, wholly failed to show that deceased, Stone, was in the exercise of any care or caution for his own safety at the time he received the injuries which resulted in his death, and as a consequence, appellee

was not entitled to recover. I. C. R. R. Co. v. Batson, 81 Ill. App. 142.

The judgment of the court below is accordingly reversed.

**Finding of Facts** to be incorporated in the judgment: We find, first, that the injuries which caused the death of the deceased, George F. Stone, were not willfully or wantonly inflicted; second, that at the time he received the injuries which resulted in his death, said Stone was not in the exercise of ordinary care and caution for his own safety, and that his death was caused by his want of such ordinary care and caution.