## Samuel W. McGuire, Administrator, v. Chicago & Eastern Illinois Railroad Company.

1.   TRESPASSER—*when person upon right of way is.*  The right of way of a railroad company is its exclusive property upon which no unauthorized person has a right to be, for any purpose, and any person who travels upon such right of way, not for any purpose of business connected with the railroad, but for his own mere convenience as a foot-way, is a wrong-doer and a trespasser.

2.   TRESPASSER—*when person not.*  A person traveling along, upon or across a right of way of a railroad company at the intersection of a public highway or street is not a trespasser.

3. TRESPASSER—*when person not.* A person in using a crossing as a part of the highway is not bound, in order to avoid being deemed in law or in fact, a trespasser, to pursue any angle or direction when passing over the same; he may not only pass directly over the right of way, but he may also pass from one side of the highway to the other using the right of way of the railroad company for that purpose for the entire or any part of the distance.

4. TRESPASSER—*when person is.* Where one uses the right of way of a railroad company where it is crossed by a public highway, not as a part of the public highway for travel or passage, but for his own private purposes, he thereby becomes a trespasser.

5. TRESPASSER—*duty of railroad company with respect to.* A railroad company owes no duty to a person walking along its tracks without its invitation, either express or implied, except to refrain from wantonly or wilfully injuring him, and to use reasonable care to avoid injury to him after he is discovered to be in peril. It makes no difference in that respect, whether he is a trespasser, a mere licensee, or one who is on the tracks by mere sufferance, without objection of the company.

6. EXCESSIVE SPEED—*when presumption of negligence arising from, is rebutted.* The presumption of negligence which arises from the running of a train in an incorporated city or village at a greater rate of speed than that authorized by statute, is rebutted where it appears that the plaintiff seeking to recover upon the basis of such negligence was at the time of the injury sustained a trespasser, to whom the defendant company owe no duty.

Action on the case for death caused by alleged wrongful act. Error to the Circuit Court of Vermilion County; the Hon. E. R. E. KIMBROUGH, Judge, presiding. Heard in this court at the November term, 1904. Reversed and remanded. Opinion filed April 20, 1905.

WILLIAM L. CUNDIFF, for plaintiff in error.

H. M. STEELY, for defendant in error; W. H. LYFORD and E. H. SENEFF, of counsel.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This action was brought by the plaintiff in error to recover damages for the killing of his intestate by a passenger train of defendant in error, at the crossing of its railroad with a street in the incorporated village of Rossville, called Benton avenue. The declaration consisted of five original and four additional counts. The defendant

demurred generally and specially to all the counts. The plaintiff dismissed all except the first and fourth original and the additional counts. To the remaining counts a demurrer was sustained. Plaintiff then elected to abide by the same, whereupon the court rendered judgment against him for the costs. He appeals and assigns as error the action of the court in sustaining such demurrer and entering judgment thereon.

It is averred by the several counts of the declaration that the defendant was possessed of and operating a double track railroad which ran north and south through the incorporated village of Rossville, crossing one of its streets called Benton avenue; that Benton avenue was a public street running east and west through the village, in the thickly populated part thereof, parallel with the north and south lines of the village.

The first original count charges a violation of the ordinance limiting the speed of trains to 30 miles, resulting in the killing of plaintiff's intestate while walking southward across Benton avenue, a public street, where the same was intersected by defendant's north-bound track, while unable because of the steam and smoke and noise of a passing freight train, on the south-bound track, to see or hear the approach of the passenger train by which he was killed.

The fourth count differs from the first, in charging a violation of an ordinance of the village, limiting the speed of trains to 15 miles, in case no flagman was kept at a certain other crossing, and in stating that the injury was sustained while deceased was walking upon, along and across said Benton avenue, near the said south-bound track of said public street.

The grounds for demurrer to the first and fourth counts are, in substance, that it is not shown that deceased was attempting to cross the defendant's track at a highway or street crossing; that so far as appears, deceased was a trespasser, walking longitudinally along defendant's tracks; that no facts are averred which entitle plaintiff to recover because defendant had no flagman at the crossing; that each

count is evasive and lacks certainty in not averring whether deceased was passing along the street and crossing the tracks, or passing along the tracks crossing the street.

In support of such demurrer counsel for defendant contends that it appears from the averments thereof that deceased, when injured, was a trespasser, and that therefore defendant owed him no duty, at that time and place, except to refrain from wilfully or wantonly injuring him, after his presence on the track was discovered; and that ordinances as to speed and flagman are for the benefit and can be invoked in aid of those only who are crossing the railroad at highway or street crossings.

It is the general and well-settled rule that the right of way of a railroad company is its exclusive property upon which no unauthorized person has a right to be, for any purpose, and that any person who travels upon such right of way, not for any purpose of business connected with the railroad, but for his own mere convenience as a foot-way, is a wrong-doer and a trespasser (I. C. R. R. Co. v. Godfrey, 71 Ill. 500; I. C. R. R. Co. v. Hetherington, 83 Ill. 510; Blanchard v. L. S. & M. S. R. R. Co., 126 Ill. 416); that a railroad company owes no duty to a person walking along its tracks without its invitation, either express or implied, except to refrain from wantonly or wilfully injuring him, and to use reasonable care to avoid injury to him after he is discovered to be in peril, and it makes no difference in the respect whether he is a trespasser, a mere licensee, or one who is on the tracks by mere sufferance, without objection of the company. I. C. R. R. Co. v. Eicher, 202 Ill. 556.

It is not charged, in either of the counts in question, that the death of plaintiff's intestate was due to the wilful or wanton acts of the servant of defendant. If, therefore, it appears from the averments of either of said counts that the deceased, at the time he was killed, was a trespasser upon the right of way of the defendant, it follows that the demurrer thereto was properly sustained.

Counsel for defendant contends that a person walking

along, upon or between railroad tracks at a public crossing is a trespasser. That the fact that he is struck and injured or killed at such highway crossing does not impose upon the railroad company any duty different from that which it would owe him at other points upon its right of way. That his crossing the street or highway is a mere incident of his passing upon or along the railroad.

It has frequently been held that one who travels upon or along a railroad track longitudinally, is a trespasser, and is as a matter of law guilty of negligence. We do not understand, however, that the rule applies to persons traveling upon or along or across a right of way at the intersection of a public highway or street. An examination of the authorities cited by counsel, in which the foregoing rule is announced, will disclose that in each instance the injuries for which recovery was sought were received upon or at either the private right of way, the yards or depot grounds of the railroad company.

It is also the law that where one uses the right of way of a railroad where it is crossed by a public highway, not as a part of the public highway for travel or passage, but for his own private purposes, he thereby becomes a trespasser and the railroad company in consequence owes him no duty, except not to wilfully or wantonly injure him. Robards v. R. Co., 84 App. 477; R. Co. v. Hibsman, 99 App. 405; Smith v. C. & E. I. R. R. Co., 99 App. 296. We are of opinion, however, that in using such crossing, as a part of the highway, to avoid being deemed in law or in fact, a trespasser, a person is not bound to pursue any particular angle or direction when passing over the same; that he may not only pass directly over the right of way, but he has a right also to pass from one side of the highway to the other, using the right of way of the railroad for that purpose, for the entire or any part of the distance; in short, that he may pass over and upon such right of way at any angle or in any direction he desires, so long as he remains within the limits of the street or highway.

The rights of a railroad company and of the public to

use a street or public highway, are mutual, reciprocal and equal, and neither are paramount to the other. Both have the right to pass and repass over them in the modes adapted to their construction; and each is under equal and reciprocal obligations to observe the rights of the other; and neither can wilfully, wantonly or negligently endanger, obstruct or delay the other in the enjoyment of its rights, without incurring liability for the injury, and each in the exercise of its right must observe prudence, circumspection and skill to avoid injuries to others.

The deceased had the undoubted right to travel this public street "in the pursuit of his business, pleasure, or even caprice," and we are of opinion that if at the time he met with his death he was passing over or along the right of way, within the limits of the street, he was where he had a right to be, and not a trespasser. And this is so without regard to whence he came or whither he was going.

These views are not in conflict or inconsistent with those heretofore expressed by this court in the case cited by counsel for defendant in support of his contention.

In the Smith case, *supra*, it appeared from the averments of the declaration that the deceased was killed while using the railroad track as a footway, and not as a highway or street crossing. It was accordingly held that she was a trespasser and that a demurrer to the declaration was properly sustained.

In the Hibsman case, *supra*, the deceased was, when killed, using the rail of the railroad track for his own convenience to fashion a piece of wire into a "chicken hook." He was held to be a trespasser, for the reason that the right of way was the property of the railroad company, upon which no unauthorized person had a right to be for any purpose; that the mere fact that the deceased was partly upon the street crossing while so using the rail, did not render him any the less a trespasser, for the reason that such crossing was only authorized to be used by the public for highway purposes, while the evidence was conclusive that he was not using it as a highway.

In the Robards case, *supra*, the question as to whether or not the plaintiff was a trespasser does not appear to have been directly considered or determined.

The foregoing views apply also to the first and fourth additional counts of the declaration, which aver in substance, a violation of the speed limit fixed by village ordinance, resulting in the killing of deceased by a passenger train while on his way to work, and in the line of his duty as a section man for the defendant, and while walking southward on the north-bound track, at the crossing of said public street, where trains met and passed.

The second and third additional counts aver, *inter alia*, that on the day of the accident the deceased was a section man in the employ of the defendant; that it was his duty to repair work on a section of its tracks extending through the village; that he resided 200 feet west of said tracks and 600 feet northwest of Benton avenue; that he was a member of a crew of section men who, by orders of the defendant, during the night, kept their tools required in the performance of their duties in a house 2,000 feet south of Benton avenue; that the proper performance of the duties of the deceased required that he go to said house each morning to receive orders and obtain his tools; that to reach said house promptly it was necessary that he go 200 feet east on said tracks and thence southward to said house; that on said day while in the discharge of his duty, he started to said house in the usual and necessary way and that when fifty feet south of the crossing he was struck and killed.

Assuming the facts averred to be true, we are unable to perceive why the deceased was not a trespasser, at the time the accident occurred. He was not engaged at the time in the line of his employment. The counts specifically aver that he was on his way to the place where he received his orders and obtained his tools. He was not at the time subject to or under the orders or directions of defendant. It is not averred that he was ordered or had even received permission to use the right of way in going to his work, nor that appellant knew that he was so using it; nor is it

sufficiently averred that the use of the track was necessary in order that he might get to his work. The averment that it was necessary to use the tracks to get to the section house promptly, is but a conclusion of the pleader and not being well pleaded is not admitted by the demurrer.

No facts are averred showing that such route was so necessary. Neither does it appear that the nearest route to his work was over the right of way nor that no street, alley or highway led thereto. The mere fact that it was more convenient for him to use the right of way than some other route did not warrant or excuse him in doing so. No facts are averred which created a greater or different duty from the defendant than that due to an ordinary trespasser. It is apparent upon the face of the counts under consideration that the deceased was a trespasser and for that reason they are obnoxious to demurrer.

Plaintiff in error contends that under section 87 of chapter 114 of the Revised Statutes, all the counts state a cause of action. Said section provides that where an injury has been done to person or property in consequence of running a train in an incorporated city, town or village, at a greater rate of speed than is permitted by any ordinance of such city, town or village, such injury must be presumed to have been inflicted by the negligence of the railroad company, or its agents, in operating such train. The statute, however, does not declare that the running of trains at a rate of speed in violation of the ordinance is of itself negligence, but only that negligence is presumed from a violation of its provisions. As we have said, under the averments of the second and third counts the deceased was a trespasser to whom defendant owed no duty except not to wilfully injure him. Where there is no duty there can be no negligence. The statutory presumption of negligence is thus met, and is therefore unavailing in this case.

The trial court properly sustained the demurrer as to the second and third additional counts, but erred in sustaining it as to the others.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*