## Chicago & Alton Railway Company v. Charles Bell.

1. TRESPASSER—*duty of railroad company to.* A railroad company owes no duty to a trespasser upon its right of way or tracks, except that it may not wantonly or wilfully injure him.

2. TRESPASSER—*what not wanton injury to.* The running of a train in violation of city ordinances cannot alone be regarded as sufficient reason for holding that the injury was wanton or wilful.

Action in case for personal injuries. Appeal from the City Court of Alton; the Hon. JAMES E. DUNNEGAN, Judge, presiding. Heard in this court at the August term, 1906. Reversed. Opinion filed March 15, 1907.

THOMAS F. FERNS, for appellant; WINSTON, PAYNE & STRAWN, of counsel.

E. C. HAAGEN and JOSEPH V. E. MARSH, for appellee.

MR. PRESIDING JUSTICE CREIGHTON delivered the opinion of the court.

This was an action in case, in the City Court of Alton, by appellee against appellant, to recover damages for a personal injury received by appellee while attempting to cross appellant's right of way and railroad track, in front of a passing train. Trial by jury. Verdict and judgment in favor of appellee for $1,000.

Within the limits of the city of Alton there is an enclosure known as Sportsman Park. Appellant's railroad runs past this park in an easterly and westerly direction. The park lies south of the railroad right of way, and one of the city streets, known as 2nd street, lies north of it; the south line of the street curbing being about thirty feet north of the railroad track at the place where the injury occurred, and the

tracks of the Big Four railroad lay between the south line of the curbing and appellant's tracks. The right of way here was the private property of appellant, and there was no public street or highway crossing at that place. People going to and returning from the park were in the habit of crossing these railroads at and near the place where appellee was struck, and some of the employees of a glass factory situate south of the railroads, were also in the habit of crossing there. On the occasion of the injury, appellee had gone to the park to attend a carnival and was returning home, about ten o'clock at night. As he approached the track of appellant's railroad and had stepped one foot over the south rail, he discovered an approaching train, "right on him." He endeavored to escape but before he could do so, was struck by the cylinder of the engine and quite seriously injured. His account of how the injury occurred is as follows: "I went to the carnival in the park in the lower part of Alton and staid there until about ten o'clock * * * ; left the carnival about ten o'clock at night. Q. Now tell the jury what happened to you after leaving the park. A. Well, I started down * * * , there was a man walking down with me talking, and I said to him, 'Well, I says, I must go home,' and started on out and as I got upon the tracks, why the train was coming and I never heard the train and see nothing of it until it was right on me. Of course, I tried to get out of the way of her and she struck me." On cross-examination he said: "When I was going to step on the track, I started across and looked and there was the train." * * * "Q. You had one foot inside the first rail? A. Yes." * * * "When I saw the train it was right on me; it made no noise and rang no bell, and it was running at such speed that I could not get out of the way of it." * * * "I just got one foot on the track, just to start over and the train came, and I saw the light, I seen it, and the light shined and it blinded me so that I wheeled around to get out of the way of it."

The ordinance of the city of Alton limited the speed of trains to ten miles per hour and required the continuous

ringing of a bell within the city limits. The evidence tends to prove that the train was running at a speed of from thirty to forty miles per hour, and that the bell was not being rung.

It is perfectly established by the wholly undisputed evidence that at the time appellee was injured, he was upon appellant's right of way either as a trespasser or as a mere licensee for his own convenience.

The law is, that in the operation of its trains, a railroad company owes no duty to a trespasser upon its right of way or tracks, except that it may not wantonly or wilfully injure him. This has so long been the accepted law of such cases and is so generally understood, that a citation of authority is deemed unnecessary. And whatever may at some former time have been supposed, or held with regard thereto, the law in this State now is, that a railroad company, in the operation of its trains, owes no more or other duty to a mere licensee upon its right of way or tracks for his own convenience, than it does to a trespasser, viz., that it may not wantonly or wilfully injure him. This is clearly established by the following cases: I. C. R. R. Co. v. Hetherington, 83 Ill., 510 (513); Blanchard v. L. S. & M. S. Ry. Co., 126 Ill., 416; Wabash R. R. Co. v. Jones, 163 Ill., 167; I. C. R. R. Co. v. Eicher, 202 Ill., 556 (560).

There is no evidence in this record tending to prove that any of appellant's servants in charge of the train saw appellee on the occasion of the injury, or that any of them had any knowledge of his presence at the place of the injury, and the undisputed evidence is that they did not.

The running of a train in violation of city ordinances cannot alone be regarded as sufficient reason for holding that the injury was wilful or wanton. This evidence did not tend to prove such conduct on the part of those in charge of the train as would create a liability against appellant. I. C. R. R. Co. v. Eicher, 202 Ill., 556 (563).

There is no law in this State under which appellee can recover upon the undisputed evidence in this record. Adopting the view of both the evidence and the law most favorable to appellee, he failed to make a *prima facie* case. The

Illinois Central R. R. Co. v. Jennings.

trial court erred in refusing to direct the jury to return a verdict in favor of appellant.

With our view of the case as above expressed, we do not feel called upon to discuss the numerous errors assigned. To decide as to them one way or the other would not affect the final result in this case, and would be of no value in another.

The judgment of the City Court of the city of Alton is reversed, and we find as ultimate facts to be incorporated in the judgment, that at the time and place and on the occasion of appellee's injury, averred in his declaration and proven by the evidence in this case, he was upon appellant's right of way as a mere licensee for his own convenience; and we further find that appellant was not guilty of the wantonness and wilfulness charged in the declaration, nor of any wantonness or wilfulness with respect to any of said injuries sustained by appellee.

*Reversed.*