The Chicago, Burlington and Quincy Railroad Company

*v.*

Frank Mehlsack.

*Filed at Ottawa November 26, 1889.*

1. Negligence—*carriers of passengers—degree of care required, distinguishing between passengers, and strangers or mere trespassers.* A common carrier of passengers is not under the same obligation as to care and diligence in guarding against injuries to strangers, and especially to trespassers, that it is in guarding against injuries to passengers. His duty to the latter involves the use of the utmost care and diligence which can be bestowed by human skill and foresight, and is enforced by the highest considerations of public policy. But as to the former, his duty rests merely upon grounds of general humanity and respect for the rights of others, and requires him to so perform the transportation service as to not wantonly or carelessly be an aggressor toward third persons, whether such persons are on or off the vehicle.

2. If a person, while attempting to obtain a free ride upon a railroad train, without the consent of the company or its agents, receives a personal injury, he can not recover therefor unless the company is guilty of such gross negligence as will amount to willful misconduct.

3. Same—*an instruction on that subject.* On the trial of an action to recover damages of a railway company for a personal injury resulting from negligence not so gross in its character as to be willful, the main controversy was whether the plaintiff was a passenger on the train or a mere trespasser seeking a ride without paying therefor. The court instructed, that "if the jury believe, from the evidence, that the plaintiff, while in the exercise of ordinary care, and without negligence on his

part, was injured by negligence of the defendant, as alleged in the declaration, then the jury should find the defendant guilty, and assess the plaintiff's damages:" *Held*, that the instruction was erroneous, as in effect taking from the jury all consideration of the question whether the plaintiff, at the time of the injury, was attempting to obtain a free ride without the consent of the defendant or its agents.

APPEAL from the Appellate Court for the First District;—: heard in that court on appeal from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Mr. GEORGE WILLARD, for the appellant.

Mr. JOSEPH S. KENNARD, Jr., and Messrs. BRANDT & HOFF- MAN, for the appellee.

Mr. JUSTICE BAILEY delivered the opinion of the Court:

This was an action on the case, brought by Frank Mehlsack against the Chicago, Burlington and Quincy Railroad Company, to recover damages for a personal injury. The injury complained of was sustained by the plaintiff while riding on the platform steps of one of the cars belonging to one of the defendant's passenger trains which at the time was running from Meagher street to the Union Passenger Depot in the city of Chicago. Said train was composed of a locomotive engine and eight cars, to-wit, a mail car which was next to the engine, three baggage cars which came next, and four passenger coaches in the rear. Said train was a through passenger train from the west, the plaintiff having got aboard as the train stopped at Meagher street. The evidence tends to show that the place on the train where he was riding at the time he was injured was on the steps of the front platform of the forward baggage car, and that said steps, by coming in contact with some obstruction on the ground near the track, were broken off, and that the plaintiff was thereby thrown to the ground and injured in such manner as to necessitate the amputation of one of his legs about six inches below the knee. The evi-

dence shows that he had purchased no ticket and that he paid no fare, although he claims to have had in his possession sufficient money to pay the customary fare if he had been called upon to do so, and that he was ready and willing to make such payment.

The declaration consists of five counts. The first, second and fourth counts allege, in terms, that the plaintiff became a passenger upon said train, and that the defendant negligently failed to carry him safely, whereby he was injured. The third count alleges that the defendant was a common carrier of passengers, and that it was its duty to furnish a sufficient number of cars for such persons as might lawfully desire to enter its trains, and to carry said persons therein with safety, but that it did not furnish a sufficient number of cars, so that the plaintiff was unable to obtain a seat therein, or to enter the car from the platform where he stood, and that by means of said default, and the careless management of said train, an obstruction on the railroad struck and carried away a part of said platform, whereby the plaintiff was thrown to the ground and injured. The fifth count alleges that the defendant was a common carrier of passengers, and that it was its duty to remove from its track and right of way any and all obstructions which might or could endanger the safety of persons lawfully riding upon its trains, yet the defendant negligently allowed certain obstructions to accumulate upon its right of way and in close proximity to its track, whereby said train came into collision with said obstructions, and thereby the part of the train upon which the plaintiff was standing was broken off and the plaintiff thrown to the ground and injured.

A trial was had on the plea of not guilty, and at said trial the jury found the defendant guilty and assessed the plaintiff's damages at $6000, and for that sum and costs the plaintiff had judgment. On appeal to the Appellate Court said judgment was affirmed, and the case is brought here on appeal from the judgment of the Appellate Court.

' The main controversy at the trial was, as to whether the plaintiff, at the time he was injured, was a passenger on said train, or a mere trespasser seeking to obtain a ride without the knowledge or consent of the defendant or its employes in charge of the train, and without paying the customary fare, and upon this question the evidence was conflicting. The court thereupon gave to the jury, at the instance of the plaintiff, the following instruction:

"If the jury believe, from the evidence, that the plaintiff, while in the exercise of ordinary care and without negligence on his part, was injured by negligence of the defendant as alleged in the declaration, then the jury should find the defendant guilty and assess the plaintiff's damages."

This instruction is clearly erroneous, for the reason that it wholly omits the hypothesis that the plaintiff, at the time of his injury, was a passenger on the defendant's train. The plaintiff, in his declaration, proceeds entirely upon the theory that the legal relation of carrier and passenger had been established between the defendant and him. In three counts of the declaration that relation is expressly averred, and the negligence charged is, a failure to perform the duties and exercise the diligence which that relation imposed. In each of the other counts the defendant is declared against as a common carrier of passengers, and although in those counts there is no express averment that the plaintiff had become a passenger, yet the duties which are alleged to have been neglected are those which a carrier owes to its passengers, and which it does not owe to a mere trespasser.

A common carrier of passengers is not under the same obligation as to care and diligence in guarding against injuries to strangers, and especially to trespassers, that it is in guarding against injuries to passengers. His duty to the latter involves the use of the utmost care and diligence which can be bestowed by human skill and foresight, and is enforced by the highest considerations of public policy. But as to the former,

his duty rests merely upon grounds of general humanity and respect for the rights of others, and requires him to so perform the transportation service as not wantonly or carelessly to be an aggressor towards third persons, whether such persons are on or off the vehicle. Schouler on Bailments and Carriers, sec. 620. In *T., W. & W. R. R. Co.* v. *Beggs,* 85 Ill. 80, we held that a person fraudulently riding on a free pass issued to another and not transferable was not a passenger, and that the railroad company would only be held liable for gross negligence which would amount to willful injury.

The above mentioned instruction required a verdict of guilty upon mere proof that the injury complained of was caused by the negligence alleged in the declaration, irrespective of whether the plaintiff was a passenger or a mere trespasser, although the negligence alleged was such as would render a carrier liable only in case of injury to a passenger. This in effect took from the jury all consideration of the questions presented by the evidence which tended to show that the plaintiff, at the time of his injury, was attempting to obtain a free ride without the consent of the defendant or its agents. If such was the fact, the defendant can be held liable only for the consequences of gross negligence amounting to willful or wanton misconduct, and such is not the negligence charged in the declaration.

A number of other instructions were given, but none of them, in our opinion, can have the effect of curing the error above pointed out. For said error the judgments of the Appellate and Superior Courts must be reversed and the cause will be remanded to the latter court for a new trial.

*Judgment reversed.*