## North Chicago Street Railway Company

### v.

## Walter P. Thurston, by Next Friend, etc.

*Street Railroads—Personal Injuries—Injured Party a Mere Licensee —Gross Negligence Alone Authorizes Recovery.*

A newsboy was injured while clinging upon the front platform of a street car, as the result of the cars running off the track; this court holds, in an action brought against the street car company to recover damages for the injuries so received, that as the evidence failed to show that the street car company or its employes were guilty of gross negligence, the boy, who was not a passenger but a mere licensee, could not recover.

[Opinion filed February 9, 1892.]

Appeal from the Superior Court of Cook County; the Hon. John P. Altgeld, Judge, presiding.

The plaintiff in this case, appellee, testified that he was a newsboy; that in May, 1877, in Chicago, at South Water street, he and his companion, a fellow newsboy, turned the corner of Fifth avenue and ran and jumped on a car; that he, plaint-

iff, ran along the side of the car, heard some one whistle and jumped on the front platform; that he was about to serve a passenger with a paper when his hand was caught between the railing of the car and the standard of the bridge; that he could not tell how long it was after he got onto the car before it struck the bridge, it was so sudden; that he was holding to the railing with his left hand and trying to get a paper from underneath his arm with the other hand. The car was ten or fifteen feet from the bridge when appellee jumped on. The car appears to have run off the track when near the bridge; the boy who drove the third horse, to assist up the incline, says that it flew the track at the place where the plank approach to the bridge begins; it moved about twenty to twenty-five feet after it got off.

There was evidence that there was at that time a rule of the company, enforced to some extent, directing conductors not to let newsboys get on the front end of cars; and there was evidence that newsboys were permitted to get on and off the cars and that they sometimes got on the front platform and were not ordered off.

The jury returned a verdict of $3,000 for the plaintiff, upon which there was judgment, from which the defendant appealed.

Messrs. EDMUND FURTHMANN and WILLIAM B. KEEP, for appellant.

Mr. ALEX. CLARK, for appellee.

WATERMAN, P. J. The plaintiff not having been a passenger, being at the most but a licensee, the obligation of appellant toward him rested not upon a duty arising out of a contract, but upon grounds of general humanity and respect for the rights of others, and required that appellant should not wantonly or wilfully inflict an injury upon him. Fleming v. Brooklyn C. R. R. Co., 1 Abb. N. S. 433; affirmed, 74 N. Y. 618; Blackmoor, Adm'x, v. Toronto Street Ry., 38 Can. Q. B. Rep. 172; I. C. R. R. Co. v. Godfrey, 71 Ill. 500; I. C. R.

R. Co. v. Hetherington, 83 Ill. 510; Blanchard v. L. S. & M. S. Ry. Co., 126 Ill. 416; Lake Shore & M. C. R. R. v. Blanchard, 15 Ill. App. 582; Bloch v. Smith, 7 Hurlst. & Nor. 736; Parker v. Portland Pub. Co., 69 Me. 173; C. B. & Q. R. R. Co. v. Mehlsack, 131 Ill. 61.

It seems to us that the evidence in this case fails to show that appellant wantonly or wilfully inflicted any injury upon appellee or was guilty of gross negligence. It is not pretended that appellee was wilfully injured. Was there wantonness, a reckless disregard under the circumstances of appellee's right, a manifestation of indifference to his safety? It does not appear that any of appellant's servant were aware that appellee was upon the front platform of the car. The driver of the car was, as was his duty, giving his attention to his team. Quite a number of teams were following the car; it was six o'clock in the evening, perhaps the time when the street is most crowded, and the attention of the driver is necessarily most absorbed in his endeavor to get his load up the incline that leads to the bridge and to keep out of the way of teams behind and reasonably near to the team in front. It is not infrequently the case that street cars run off the track and their doing so is not ordinarily attended with danger to any one; they are usually pulled or lifted on again without much difficulty and without injury to anybody. We think the evidence fails to show that either the conductor or driver of this car acted recklessly or in wanton disregard of the safety of appellee or any one else. Appellee, who was not a passenger, was the only person injured; the step upon which he stood was not crowded; he took no care for his own safety; and while it is true that he is to be held bound to exercise only such care as is to be expected from a person of his years and experience, yet it can not be said that his years and experience were such that he might be entirely indifferent to his own security.

The evidence in this case, instead of showing either a wanton or wilful disregard by the servants of appellant of the safety of persons who might be upon the car, shows rather a misjudgment under circumstances where the most prudent man

might have failed to realize or do what, under the exigency of the moment, was best; the negligence of the driver and conductor, if any, was not gross, and the accident to appellee not one for which, under the evidence presented in this case, appellant can be held to respond in damages.

The judgment of the Superior Court will be reversed and the cause remanded.

*Reversed and remanded.*