# THE CHICAGO, BURLINGTON AND QUINCY RAILROAD COMPANY

## v.

## FRANK MEHLSACK.

*Railroads—Personal Injuries—Riding on Steps of Baggage Car— Instructions—Whether Plaintiff a Passenger or Not—Evidence Insufficient to Show Gross Negligence.*

1. In an action brought against a railway company to recover damages for an injury received by plaintiff while riding on the steps of a baggage car on defendant's road, where the declaration was based on the hypothesis that plaintiff was a passenger, and the defense fairly raised the question whether or not the relation of carrier and passenger existed between the parties, this court holds that an instruction which permitted a recovery, although the jury might not believe that such relation existed, was erroneous.

2. The evidence in the case presented failed to establish any such state of facts as would sustain a finding of gross negligence on the part of defendant, or wilful injury of plaintiff, and therefore an instruction based on that hypothesis was likewise erroneous.

[Opinion filed March 4, 1892.]

APPEAL from the Superior Court of Cook County; the Hon. JOHN P. ALTGELD, Judge, presiding.

On a morning of December, 1888, the plaintiff got on board one of appellant's passenger trains at Meagher street, in Chicago, intending to ride to the Union Depot. The train was quite full. Appellee testified that the cars were so crowded that he was obliged to, and did, ride upon one of the steps of a passenger car; other witnesses testified

that there was room inside of the passenger cars; there was also testimony tending to show that appellee was riding upon the steps of a baggage car at the time he was injured. The steps of the car upon which appellee was standing came in contact with a pile of stones or dirt beside the track, breaking the steps and throwing appellee off. This pile had been thrown up the previous night by employes engaged in putting in an interlocking switch; they had leveled off the pile so that they thought there was no danger; and the foreman of the party who did the work testified that on the morning of and before the accident, several trains of passenger cars passed the pile without coming in contact with it. No one save appellee was injured; he paid no fare, but testified that he had money in his hand with which to pay his fare but was not asked for it. Appellant contended that appellee unnecessarily rode upon the steps of a car; and also insisted that appellee was riding upon the steps of a baggage car intending to avoid payment of any fare. Appellant therefore asked that the jury should be instructed as follows :

" If the jury believe from the evidence that it was reasonably within the plaintiff's power to have taken passage inside of one of the passenger cars or coaches in said train, and ride there instead of riding on the steps, where he was riding when injured, then it was his duty to have done so; and if the jury further believe from the evidence that he neglected such duty, and that without such neglect he would not have been injured, then he can not recover;" and also :

" If the jury believe from the evidence that the plaintiff took passage upon the steps of one of the cars and rode there with an intention of avoiding payment of fare, then he can not recover."

The court refused to so instruct the jury, but modified the instructions asked by adding thereto that if the things recited therein existed as facts, the plaintiff could not recover unless the defendant was guilty of such gross negligence as to amount to a wilful wrong or injury. Under these instructions, the jury returned a verdict of $5,000 for

the plaintiff, upon which there was judgment, whereupon the defendant appealed.

Mr. George Willard, for appellant.

Messrs. Brandt & Hoffman and J. S. Kennard, Jr., for appellee.

Waterman, P. J. In effect the jury were told by the court that they might find for the plaintiff, if the injury to him was caused by negligence of the defendant so gross as to amount to a wilful injury. We do not think that the evidence warranted the giving of such instructions. While the first, as asked by appellant, omitting, as it did, all reference to the comparative negligence of any of the respective parties, ought not to have been given, yet, as modified, it as well as the succeeding instruction authorized a verdict for the plaintiff, notwithstanding he had never become a passenger upon appellant's train; and this, under a declaration, each count of which is based upon a distinct allegation or theory that he was a passenger.

The Supreme Court in its opinion, when this case was before it, C., B. & Q. R. R. Co. v. Mehlsack, 131 Ill. 61, speaking of an instruction given at the instance of the plaintiff, say: "This instruction is clearly erroneous for the reason that it wholly omits the hypothesis that the plaintiff at the time of this injury, was a passenger on the defendant's train. The plaintiff in his declaration proceeds entirely upon the theory that the legal relation of carrier and passenger had been established between the defendant and him." The comments of the Supreme Court upon the instruction it was then considering, are equally applicable to the two above mentioned as modified and given by the court upon the last trial.

The only evidence as to the circumstances under which the pile of dirt or stones was placed, where it came in contact with the steps of the car upon which appellee was riding, is that the pile was leveled down so that the fore-

man thought there was no danger, and that other cars did safely pass by the same. Such conduct does not show a wilful design to injure, or a reckless disregard of, or indifference to the safety of appellee or any one else; it was at most but a misjudgment; the contact between the pile of earth and the car was not such that under ordinary circumstances any one would have been injured thereby.

Appellee, according to his own testimony, was riding upon a place not designed for passengers, and where, if there was room for him inside, he ought not to have been.

Mere negligence is but a neglect of duty. C., B. & Q. R. R. Co. v. Johnson, Adm'r, 103 Ill. 512.

Whether acts constitute negligence, and if so, what is its degree, must be determined by the circumstances and surroundings of each particular case. The negligence shown by the evidence in this case is of a character entirely different from that mentioned in C. & A. R. R. Co. v. Wilson, 63 Ill. 167.

Gross negligence is the want of slight care. Shearman & Redfield on Negligence, Sec. 49; C., B. & Q. R. R. Co. v. Johnson, 103 Ill. 512; I. & G. N. R. R. Co. v. Cooke, 61 Tex. 151–156.

It is sufficient for us to say that in our opinion, in the present action not only was there evidence of at least some care on the part of appellant, but there was an absence of any evidence of any intention to injure appellee, or of any wanton disregard of his safety. The jury ought not, therefore, to have been instructed as if there were evidence of such gross negligence as to amount to a wilful wrong or injury.

For the errors indicated, the judgment of the Superior Court will be reversed and the cause remanded.

*Reversed and remanded.*

[*Upon petition for rehearing, opinion filed March 21, 1892.*]

GARY, J. The appellee's counsel misapprehended the foregoing opinion. It is the law of this case because so held

when in the Supreme Court (131 Ill. 61), that the declaration as it then stood was for neglect by the railroad to discharge the duty which a carrier owes to its passengers. The new count since filed is the same, with an averment of wilful and wanton neglect. That is not the point of the case. " In an action on the case it is not necessary to aver gross negligence, but only to aver that the act was negligently and carelessly performed; see 1 Chit. Pl. 80; and when the right of recovery depends upon the degree, as for wilful or gross negligence, it is a matter of proof and not of pleading." Chi., Bur. & Q. R. R. Co. v. Carter, 20 Ill. 391.

But the appellee " can not sue for the breach of one duty and recover for the breach of another." Flint & P. Ry. Co. v. Stark, 38 Mich. 714.

The appellant was entitled to the second of the instructions copied in the opinion above, without qualification. If it were true that the conduct of the appellant was such that, though a trespasser, the appellee may recover, yet if he were a trespasser he can not, because of such conduct, recover upon a declaration counting upon the duty of the appellant to him as a passenger.

As it is said above, the instructions as modified " authorized a verdict for the plaintiff, notwithstanding he has never become a passenger upon appellant's train; and this under a declaration, each count of which is based upon a distinct allegation or theory, that he was a passenger."

Therefore the modification was error and the judgment must be reversed and the cause remanded.