## West Chicago Street R. R. Co. v. Binder, Adm'r, etc.

1. CARRIERS OF PASSENGERS—*Duty to Persons not Passengers.*— Stringent as are the obligations of passenger carriers toward passengers, their obligation toward the residue of mankind rests merely upon grounds of general humanity and respect for the rights of others, and requires them to so perform the transportation service as not, wantonly

or carelessly, to be an aggressor toward third persons, whether such persons be on or off the vehicle.

2. CARRIERS OF PASSENGERS—*Duty of Third Persons—Illustration.* —A boy twelve years of age hurried out of a fruit store, and held up his hand as a signal for a cable car, with a trailer, then at the corner, to stop. The gripman did not see the boy, the car slackened speed at the corner but not stopping, resumed its course. The boy ran toward the car, and caught the rear platform of the grip. To what extent he got upon the step or got hold of any support, is in doubt, but at that instant there was a sudden acceleration of the speed, and the boy fell, was run over and killed by the wheels of the trailer. *It was held*, that his administrator could not recover.

3. CARRIERS OF PASSENGERS—*Negligence.*—There can be no negligence without the failure to observe some duty.

**Memorandum.**—Action for negligence. In the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Declaration in case; plea of not guilty; trial by jury; verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the October term, 1893. Reversed and remanded. Opinion filed January 11, 1894.

APPELLANT'S BRIEF, EGBERT JAMIESON AND EDMUND FURTHMANN, ATTORNEYS.

It has been uniformly held in this State that a person in attempting to get on or off a moving railroad train was guilty of such negligence as to preclude a recovery. C. & N. W. R. R. Co. v. Scates, 90 Ill. 586; Bash v. N. C. S. R. R. Co., 40 Ill. App. 584; Hagan v. Philadelphia & Grey's Ferry Ry. Co., 15 Phil. 278; Dietrich v. Baltimore & Hall Springs Ry. Co., 58 Md. Rep. 347; Solomon v. Manhattan R. R. Co., 27 Am. and Eng. R. R. Cases, 155; Rose v. West Phil. Ry. Co., 12 Atl. Rep. 78; Halpin v. Third Ave. R. R. Co., 8 Jones & Spencer, 175.

APPELLEE'S BRIEF, NEWMAN & NORTHRUP AND S. O. LEVINSON, ATTORNEYS.

Appellee contended that the plaintiff was entitled to recover under any theory of the case.

It is not contributory (much less gross contributory) negligence to board a moving railway train, but such conduct must be viewed in the light of the surrounding circumstances,

and it is for the jury to say whether the negligence of the plaintiff is slight or gross. C. & A. R. R. Co. v. Bonifield, 104 Ill. 223; Beach on Contributory Negligence, Sec. 52; Am. & Eng. Enc. of Law, Vol. 2, p. 762.

There is no rule of law that riding or stepping upon the platform of a street car when in motion is negligence, Messell v. Lynn Ry. Co., 8 Allen 234; Cram v. Met. Ry. Co., 112 Mass. 38; McGuire v. Middlesex Ry. Co., 115 Mass. 239; Murphy v. Union Ry. Co., 118 Mass. 228; Wills v. Lynn Ry. Co., 129 Mass. 351; Fleck v. Union Ry. Co., 134 Mass. 480; McDonough v. Met. Ry. Co., 137 Mass. 210; Briggs v. Ry. Co., 148 Mass. 72; N. C. St. R. R. Co. v. Williams (Ill.), 29 N. E. Rep. 672.

A boy twelve years old can not be held to the same degree of care as an adult, and he is only required to exercise such care as might be expected from a person of his age and discretion, and it is for the jury to determine this. Wright v. Detroit, etc., Ry. Co., Mich. L. R. A., p. 843; Weick v. Lander, 75 Ill. 93; Chicago & A. Rd. Co. v. Becker, 26 Ill. 25; City v. Keefe, 114 Ill. 222; Ill. C. R. R. Co. v. Slater, 129 Ill. 99; Shearman & Redfield on Negligence, Sec. 49; Wharton on Negligence, Sec. 309.

That the negligence arising from the attempt of a plaintiff to board a moving street car, is not a question of law, but essentially a fact to be found by the jury. Chicago & E. I. R. R. Co. v. O'Connor, 119 Ill. 587; Chicago City Ry. Co. v. Robinson, 127 Ill. 9; Chicago & A. R. R. Co. v. Adler, 129 Ill. 335; T. H. & I. R. R. Co. v. Voelker, 129 Ill. 540; Chicago, etc., Co. v. Lane, 130 Ill. 116; Mobile & Ohio R. R. Co. v. Davis, 130 Ill. 146; City of Chicago v. McLean, 138 Ill. 148.

Street railroad companies are required to avail themselves of reasonable and well known safeguards against accidents, and they are liable for omissions. Pierce on American R. R. Law, 474.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

About seven o'clock on the morning of September 17, 1890, Gotthold B. Binder, a boy twelve years of age, hurried out

of a fruit store, about sixty feet from the corner of Fontenoy Court and Milwaukee avenue, and held up his hand as a signal for a cable car with a trailer, then at the corner, to stop.

That he meant that the holding up of his hand should be taken as a signal to stop, is but an inference, but it is a fair one. There is no proof that the gripman saw the boy, and the gripman testified that he did not. That the car had slackened speed at the corner is probable, but it had resumed its course, perhaps not at full speed. The boy ran toward the car, and caught the rear platform of the grip. To what extent he there got upon the step or got hold of any support, is in doubt, but at that instant there was a sudden acceleration of the speed—a "jump" the witness called it—and the boy fell and was run over and killed by the wheels of the trailer.

An ordinance of the city in evidence is: "Street cars shall stop to receive and let off passengers at the intersections of streets, and in such manner as when stopped not to interfere with the travel on cross streets; and in blocks more than five hundred feet in length, they shall stop, when so desired, to receive and let off passengers at the middle of such blocks."

Now, stringent as are the obligations of passenger carriers toward passengers, their obligation toward the residue of mankind rests "merely upon grounds of general humanity and respect for the rights of others, and requires" them "to so perform the transportation service as not, wantonly or carelessly, to be an aggressor toward third persons, whether such persons be on or off the vehicle." C., B. & Q. R. R. v. Mehlsaack, 131 Ill. 61.

And so in that case it was held that if Mehlsaack was stealing a ride on the platform steps of a car, he could not recover for the loss of his leg caused by the step coming in contact with an obstruction. The obstruction in fact was—I know from presiding at the trial—earth raised too high, by the side of the track, in repairing.

There is evidence here that guards surrounding the wheels

of the trailer were in common use, practicable and efficacious in preventing persons being run over by the wheels, and that this trailer had none.

Whatever may be the duty of the appellant toward passengers, it owed none of protection against the consequences of his own acts toward this unfortunate boy. Nor was it the duty of the driver of the grip car, whose attention, between stopping places, ought to be directed to what is before him, to see what was happening at places which he could not see, without diverting that attention from what he ought to see.

" There can be no negligence without the failure to observe some duty." Moran, J., in C. & W. I. R. R. v. Roath, 35 Ill. App. 349. The principle applied in that case as well as in Basch v. North Chicago St. Ry., 40 Ill. App. 583, and North Chicago Ry. v. Thurston, 43 Ill. App. 587, prevents a recovery here. See also, North Chicago St. Ry. v. Wrixon, No. 4930, this term.

The judgment is reversed and the cause remanded.