# · Wabash Railroad Company v. Alexander Kingsley.

1. RAILROAD COMPANIES—*Duty Toward Passengers and Trespassers.*
—A difterent rule obtains when the relation of passenger and carrier
exists where a person is ejected from a train, than where the person is
a trespasser or has no right to be on the train. The carrier's duty to
the passenger involves the use of the utmost care and diligence which
can be bestowed by human skill and foresight, while in the case of a
trespasser he must not be guilty of wanton and willful misconduct to
the person ejected. .

2. SAME—*Recovery by Trespassers.*—A trespasser upon railroad prop-
erty can not recover for injuries inflicted upon him unless such injuries
are inflicted in a wanton and willful manner.

. Trespass on the Case, for personal injuries. Trial in the Circuit Court
of McLean County; the Hon. COLOSTIN D. MYERS, Judge, presiding.
Verdict and judgment for plaintiff. Appeal by defendant. Heard in
this court at the May term, 1898. Affirmed. Opinion filed October 5,
1898.

GEO. B. BURNETT, attorney for appellant; LILLARD &
WILLIAMS, of counsel.

JOHN STAPLETON, attorney for appellee.

MR. PRESIDING JUSTICE GLENN delivered the opinion of
the court.

This is an action on the case to recover damages in con-
sequence of injuries inflicted on appellee by the agents and
employes of appellant. The declaration contains two
counts. In the first it is alleged that appellee was upon a
car of appellant's train, which was in rapid motion, and that
the conductor of the train ordered appellee to· alight there-
from; that the conductor, in a willful and wanton manner,
used threatening language toward appellee, and made an
attack upon him, and with force and violence attempted to
throw him from the car, and to escape being thrown from
the car, appellee got off the same rapidly while it was in
rapid motion, by reason of the threats and intimidations of

the conductor, and to avoid being thrown off; that in get-
ting off appellee used ordinary care, but was thrown with
great force and violence upon the ground, and received great,
serious and permanent injuries, to wit, had his foot bruised,
sprained, and certain bones thereof broken, and had his
body otherwise scarred and greatly bruised; that he was
ruptured by the fall, and received permanent injuries, etc.

The second count is substantially like the first, with the
additional averment that when ordered to get off the train
he offered to pay his fare to the conductor.

The case was tried by the court with a jury that returned
a verdict for appellee for $700. Upon the overruling of a
motion for a new trial, judgment was entered upon the
verdict.

The appellant relies alone upon his first assignment of
errors for a reversal of this case, which is : "The court
erred in giving improper instructions at the instance of
appellee." In his brief he limits his objections to the first,
second and fourth instructions of appellee, which are as
follows :

"1.   The court instructs you that even if you do believe
from the evidence that the plaintiff had no right on that
train, and the conductor, in discharge of his duty as man-
ager of the train, undertook to put him off, the law requires
the conductor to act in a prudent manner, to exercise due
care for the safety of the plaintiff, and if he failed to do so,
and in consequence the plaintiff was injured, the defendant
is liable.

2.   The court instructs the jury that if you believe from
the evidence that the defendant is guilty of the negligence
charged in the declaration, and that the plaintiff, while in
the exercise of ordinary care for his personal safety, was
injured as alleged in the declaration, then you should find
the defendant guilty, and assess plaintiff's damages at what-
ever you may believe from the evidence the plaintiff has
sustained.

4.   The court instructs the jury that if you believe from
the evidence that the defendant is guilty of the negligence

charged in the declaration, and that the plaintiff was injured as in the declaration alleged, and that the plaintiff at the time of the injury was in the exercise of ordinary care for his own personal safety, then you should find for the plaintiff."

It is claimed by appellant that these instructions are erroneous because they authorized the jury to find for the appellee for the mere negligent act of the conductor, and without regard to appellee's right to be on the train. In this assertion counsel are mistaken. In the second and fourth instructions the jury were told the appellee could not recover unless he was in the exercise of due care and the defendant was guilty of the negligence charged in the declaration. The negligence charged in the declaration as having produced the injuries on appellee, is alleged to have been inflicted wantonly and willfully. The presumption is the jury had the declaration and observed this.

In the fourth instruction the jury are told "if they believe from the evidence that the injury was committed as charged in the declaration, by the defendant or its servants, while acting within the scope of their employment, in a wanton and willful manner," etc., directly calling their attention to the fact that before the appellee could recover for the negligence charged in the declaration, it must appear that the injuries received by appellee must have been willful and wanton. If the first instruction is properly the subject of criticism, it is cured by the second, third and fourth instructions given on behalf of appellee.

We fully recognize the doctrine that a different rule obtains when the relation of passenger and carrier exists where a person is ejected from a train, than where the person is a trespasser or has no right to be on the train. His duty to the former involves the use of the utmost care and diligence which can be bestowed by human skill and foresight, while in the latter he must not be guilty of wanton and willful misconduct to the person ejected.

The pleadings in this case, the conduct of the trial, and the instructions given for appellant and appellee, show the

case was tried upon the theory that appellee was a tres-
passer and could not recover unless the injuries sustained
by him were inflicted by appellant in a wanton and willful
manner.   The case of C., B. & Q. R. R. Co. v. Mehlsack,
131 Ill. 61, is different from this.

In that case the plaintiff proceeded upon the theory that
the legal relation of passenger and carrier existed.   In this
case, as we have above suggested, there is no such claim.

Believing when the entire series of instructions given for
appellee and appellant are read together, there was no
harmful error committed, the judgment of the Circuit Court
will be affirmed.