## THE WABASH RAILROAD COMPANY

*v.*

## ALEXANDER KINGSLEY.

*Opinion filed February 17, 1899.*

1. RAILROADS—*trespasser on train cannot recover for mere negligence in putting him off.* A trespasser on a train cannot recover for injuries received on being put off unless the act of expulsion was so grossly negligent as to amount to willful or wanton injury.

2. PLEADING—*one alleging wanton injury cannot recover for mere negligence.* One asking damages for an act alleged to be willful and wanton cannot recover, under the declaration, upon proof of mere negligence.

*Wabash Railroad Co.* v. *Kingsley,* 78 Ill. App. 236, reversed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding.

This was an action brought by Alexander Kingsley, against the Wabash Railroad Company, to recover for an injury received from being put off a freight train running on the defendant's road. The declaration contained two counts. In the first count it is averred that plaintiff being on a certain car of a freight train on defendant's road, the conductor of said train came to the plaintiff and ordered him to alight therefrom; that plaintiff told said conductor that he could not obey said command on account of the speed of the train, and that the plaintiff then and there offered to pay his fare to said conductor; that the said conductor, in a willful and wanton manner, used threatening language towards and against the plaintiff, and then and there made an attack on the person of the plaintiff, and with force and violence then and there attempted to throw and force plaintiff from said car and train, whereupon, in fear of his life if he were so thrown, and to escape being thrown, he stated to said conductor that if he, said conductor, would not throw and force

said plaintiff from said train, he, the plaintiff, would get off of said train, and plaintiff avers that he did so get off said train while it was running in the rapid manner aforesaid, by reason of the threats and intimidations of said conductor and to avoid being thrown off as aforesaid, and for no other reason or cause whatever; that in so getting off plaintiff used ordinary care for his own safety, but was thrown with great force and violence upon the ground, and received great, serious and permanent injuries, etc. The second count is substantially like the first.    To the declaration the defendant pleaded the general issue, and on a trial before a jury the plaintiff obtained a verdict and judgment for $700, which, on appeal, was affirmed in the Appellate Court. The Appellate Court granted a certificate of importance and allowed an appeal to this court.

GEORGE B. BURNETT, for appellant.

JOHN STAPLETON, for appellee.

Mr. JUSTICE CRAIG delivered the opinion of the court:

It appears from the record that while a freight train of appellant running from Springfield to Decatur was stopped at the Illinois Central railroad crossing, about three miles east of Springfield, appellee and two other persons who were with him boarded a flat car and took seats behind an oil tank on the car.    This train made no regular stops between Springfield and Decatur and carried no passengers. The conductor of the train, who was standing on the top of a box car, saw appellee and his companions get on the train, and walked down where they were and ordered them to get off. The testimony of appellee and his two companions was, in substance, that "they were put off the train, by force and intimidation," while it was running at a high rate of speed, while the evidence of the conductor and other trainmen was that the train was a very heavy train, had just started and

was running slow, and that no force or intimidation whatever was used. The declaration charged "that the injury to appellee was willfully inflicted," and his evidence tended to support that averment, while the testimony on behalf of appellant as to what occurred at the time, and as to the speed of the train, tended to prove "that what was done by appellant's servants at most could not be deemed to be anything more than negligence."

Under the facts as disclosed by the evidence, in order to enable the jury to arrive at a correct result it was necessary that the instructions should be accurate. At the request of the plaintiff the court gave to the jury four instructions, three of which, the first, second and fourth, are claimed to be erroneous. They are as follows:

1. "The court instructs you that even if you do believe, from the evidence, that the plaintiff had no right on that train, and the conductor, in discharge of his duty as manager of the train, undertook to put him off, the law requires the conductor to act in a prudent manner, to exercise due care for the safety of the plaintiff, and if he failed to do so, and in consequence the plaintiff was injured, the defendant is liable.

2. "The court instructs the jury that if you believe, from the evidence, that the defendant is guilty of the negligence charged in the declaration, and that the plaintiff, while in the exercise of ordinary care for his personal safety, was injured as alleged in the declaration, then you should find the defendant guilty, and assess plaintiff's damages at whatever you may believe, from the evidence, the plaintiff has sustained.

4. "The court instructs the jury that if you believe, from the evidence, that the defendant is guilty of the negligence charged in the declaration, and that the plaintiff was injured as in the declaration alleged, and that the plaintiff, at the time of the injury, was in the exercise of ordinary care for his own personal safety, then you should find for the plaintiff."

In regard to the first instruction, upon an examination of the declaration and the evidence it will be found that there is no claim in either that appellee was a passenger upon the train. The rights of the parties are therefore to be determined upon the facts conceded that appellee was wrongfully on appellant's train when expelled,— that he was a trespasser. As a general rule, a railroad company owes no duty to people who trespass upon its cars, except, of course, its servants have no right to wantonly or willfully injure them. (3 Elliott on Railroads, sec. 1255; *Toledo, Wabash and Western Railway Co.* v. *Brooks,* 81 Ill. 245; *Chicago, Burlington and Quincy Railroad Co.* v. *Mehlsack,* 131 id. 61.) In the case last cited the duties of a railroad company to its passengers and to persons who are trespassers on its trains are considered. It is there said (p. 64): "A common carrier of passengers is not under the same obligation as to care and diligence in guarding against injuries to strangers, and especially to trespassers, that it is in guarding against injuries to passengers. His duty to the latter involves the use of the utmost care and diligence which can be bestowed by human skill and foresight, and is enforced by the highest considerations of public policy; but as to the former, his duty rests merely upon grounds of general humanity and respect for the rights of others, and requires him to so perform the transportation service as not wantonly or carelessly to be an aggressor towards third persons, whether such persons are on or off the vehicle. (Schouler on Bailments and Carriers, sec. 620.) In *Toledo, Wabash and Western Railway Co.* v. *Beggs,* 85 Ill. 80, we held that a person fraudulently riding on a free pass issued to another and not transferable was not a passenger, and that the railroad company would only be held liable for gross negligence which would amount to willful injury." In the case cited an instruction was given in behalf of the plaintiff, as follows: "If the jury believe, from the evidence, that the plaintiff, while in the exercise of ordinary care and with-

out negligence on his part, was injured by negligence of the defendant, as alleged in the declaration, then the jury should find the defendant guilty and assess the plaintiff's damages." This instruction the court held to be erroneous, upon the ground that it required a verdict of guilty upon mere proof that the injury complained of was caused by the negligence alleged in the declaration, irrespective of whether the plaintiff was a passenger or a mere trespasser, although the negligence alleged was such as would render a carrier liable only in case of injury to a passenger.

Under the rule announced it is manifest that the first instruction was erroneous. Here the declaration is predicated upon the ground that plaintiff was a trespasser and that his injury resulted from the wanton and willful act of the servants of the railroad company, and yet, under the instruction, if the servants of appellant failed to exercise due care the jury were informed that the plaintiff could recover. The plaintiff being a trespasser on the appellant's train, he could not recover unless the act resulting in his expulsion from the train by the servants of appellant was wanton or willful, but the instruction tells the jury that a recovery may be had if the servants of appellant failed to exercise due care for the safety of the plaintiff. The obligation imposed by the instruction was one which the appellant owed alone to a passenger, and the court erred in informing the jury that the railroad company owed the same duty to one who was a trespasser on the train.

In regard to the second and fourth instructions, it will be seen upon examination that they authorize a verdict for the plaintiff if the jury believe, from the evidence, that defendant is guilty of the negligence charged in the declaration. The declaration did not contain a charge of negligence. The act charged upon which a recovery was asked was willful and wanton, and under the rule laid down in *Chicago, Burlington and Quincy Railroad Co.*

v. *Dickson*, 88 Ill. 431, no recovery could be had, under the declaration, for mere negligence. In that case the wrong charged in the second count of the declaration was, that the servants of the defendant caused the whistle to be sounded in sharp, shrill, loud sounds, "needlessly and recklessly, willfully, wantonly and maliciously." In considering the right of recovery under that count the court said (p. 435): "Under the second count the plaintiff could not recover upon proof of mere negligence on the part of defendant. No recovery could be had under that count without proof that the sounding of the whistle in the manner charged was done needlessly, and either wantonly, recklessly, willfully or maliciously."

We think these instructions were calculated to mislead the jury. For the error, therefore, in giving the three instructions mentioned, the judgments of the Appellate and circuit courts will be reversed and the cause will be remanded.

                                        *Reversed and remanded.*