## Chicago and Grand Trunk Railway Company, et al., v. Margaret M. T. McDonough, Admx.

### Gen. No. 10,976.

1. DECLARATION—*when. does not authorize recovery upon the theory that the intestate was pushed off a moving train.* A declaration which alleges that while deceased was "attempting to get off said car, as he was ordered and forced to do by said conductor, he was violently, with great force, struck and knocked off said car" by a building placed close to the tracks on which the train was running, plainly pleads the negli-

gent proximity of the building to the tracks as the proximate cause of the injury and does not support the theory that the deceased was injured in consequence of being pushed off the moving car by one of defendant's servants.

2. TRESPASSER—*duty of railroad company to, while upon its trains.* As a general rule, a railroad company owes no duty to a person who trespasses upon its trains, except that its servants have no right wilfully or wantonly to injure him, and such trespasser cannot recover,for mere negligence.

3. NEW CAUSE OF ACTION—*when additional count states.* Where the original counts of the declaration aver negligence, and nothing more, as the basis of the action, and the additional counts set up a wanton and wilful injury, a new cause of action is set forth.

STEIN, J., dissenting.

Action on the case for death caused by alleged wrongful act. Appeal from the Superior Court of Cook County; the Hon. ALONZO K. VICKERS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1902. Reversed and remanded. Opinion filed March 1, 1904.

KENESAW M. LANDIS, for appellants.

E. A. BERN and WILLIAM SHERMAN HAY, for appellee.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

This is an action brought by appellee as administratrix of the estate of Edward J. Tyrrell to recover for injuries resulting in the latter's death, for which it is sought to hold appellants responsible.

It is first contended that the verdict and judgment are contrary to the evidence. The case was tried on a declaration consisting of two counts, to which a plea of general issue was filed. The first count alleges that the deceased was a passenger at the time of the injury, but that allegation seems to have been abandoned. It is at least not proven, and it is omitted from the second and subsequent counts. The negligence charged in both of the original counts is substantially the same, although it is perhaps more strongly stated from appellee's point of view in the second count than the first. The averment is that "the conductor of the train demanded of plaintiff's intestate payment of his fare, and upon the failure of plaintiff's intestate to promptly

comply with said demand the said defendant by its said servant wrongfully and in violation of its duty and contrary to law, ordered and forced plaintiff's intestate to then and there get off the said car in said train upon which he was riding, while the said train was in motion, and when it was but a short distance away from said Root street where it was accustomed to stop as aforesaid; and while plaintiff's intestate, with all due care and caution was attempting to get off said car then and there as he was ordered and forced to do, by said conductor, he was violently and with great force struck and knocked off said car and onto the ground there by a part of a certain building or structure which the defendants carelessly and negligently and in violation of their duty had suffered to be and remain and project so close to the tracks upon which said car was running as to hit plaintiff's intestate while he was so getting off said car, and by means thereof plaintiff's intestate then and there sustained such serious and severe injuries that he thereafter died of such injuries."

It is apparent the negligence charged is that while the deceased was "attempting to get off said car as he was ordered and forced to do by said conductor, he was violently and with great force struck and knocked off said car" by a building carelessly and negligently placed close to the tracks on which the train was running. Under this averment the proximate cause of the injury was the location of the building which knocked the deceased from the train. That the conductor compelled him to undertake to get off was not the direct cause of the injury, and the averment that he was forced to make that attempt is by no means broad enough to warrant the introduction of evidence intended to support the theory that the deceased was injured in consequence of being pushed off the moving car by one of appellants' servants, instead of being knocked off by the building, as the declaration charges. Evidence to that effect was inadmissible under the declaration, and the objection to its admission should have been sustained. While the declaration charges that the deceased was wrongfully or-

dered and forced to get off the train, yet for aught that appears plaintiff's intestate would in the absence of the building have gotten off in safety. So far as we can discover, there is no evidence tending to support the averment that the deceased was so knocked from the train. There is no averment of other negligence causing the injury, and none of wilful or wanton injury. According to the undisputed testimony the deceased was not a passenger but a trespasser. As a general rule a railroad company owes no duty to a person who trespasses on its cars except that its servants have no right to wilfully or wantonly injure him, and such trespasser cannot recover for mere negligence unless wilfully or wantonly injured. Chicago, B. & Q. R. R. Co. v. Mehlsack, 131 Ill. 61; Wabash R. R. Co. v. Kingsley, 177 Ill. 558, 561, 562. At the close of all the evidence appellant asked the court to instruct the jury to find appellant not guilty. From what has been said it is evident this motion should have been granted, under the pleadings and the evidence, as the case then stood.

After the evidence was all in, appellee's attorneys were granted leave to file two additional counts. The first of these contains the averments that the conductor of the train "wrongfully, wantonly, wilfully and intentionally forced and pushed" the deceased off the car; the second, that the conductor in the same manner "so forced and pushed the plaintiff's intestate while the said train was in motion," that the latter became "greatly alarmed, and by reason of his alarm and fear jumped from the said car," and was injured. To these counts appellant pleaded the general issue and the Statute of Limitations. The court sustained the demurrer to the plea of the statute. The accident occurred April 18, 1899. The additional counts were filed July 17, 1902, more than two years after the injury. They contain no averment that the deceased was a passenger nor do they charge appellant with negligence. The original counts had averred negligence as the cause of the injury and nothing more. The new counts set up a new and different cause of action, that the deceased was wrongfully, wilfully, wantonly and intentionally forced and

pushed off the car by one of appellant's servants.  It is a very different thing to order and force a man to get off or to attempt to get off a train, from actually pushing him off with force and violence.  In the view we are compelled to take it is unnecessary to consider in detail the evidence of the single witness upon which these new counts are based. It may be said however that it finds no support apparently in the testimony of the only other witness for appellee who seems to have seen the accident.  This last witness testifies that he "saw the young man about to jump from the train; I could not say whether he either slipped, missed his footing, or was pushed off.  I saw him get off and he went against this watchman's shanty."  He further says that he can't remember seeing anybody on the car platform except the deceased.  The other of appellee's witnesses referred to testified over objection that he saw some trouble on the platform, that there was some scuffling; "I don't say he throwed him—he only pushed him.  I have not seen him fall or seen him jump;" that he saw the conductor there; that he did not see whether the deceased fell or jumped, or what happened, his further view having been obstructed by the watchman's "shanty."  This is in substance the evidence relied upon by appellee to justify the verdict and judgment. The testimony of the last witness is expressly contradicted by witnesses for appellant.  But assuming that it is entitled to full credence, appellee's evidence does not, as we have said, tend to prove the charge of the original declaration, that the deceased was knocked off the car by the building alleged to have been negligently located close to the tracks. If the amended counts filed after the evidence was all in, and after the bar of the Statute of Limitations had become effective, state a new cause of action, the recovery cannot be sustained.  That they do state a new cause of action is, we think, clear, and the demurrer was erroneously sustained.

For the reasons indicated, the judgment must be reversed and the cause remanded.

*Reversed and remanded.*

Mr. Justice STEIN, dissenting.