IIoeeheimer, J.,
dissenting.
In my opinion the record does not disclose facts that. justify the assumption that defendant in error was a passenger; a charge permitting the jury to so find was therefore prejudicial error.
I concede that actual physical contact with a ear by the intended passenger, is not always necessary to establish the relation of carrier and passenger. Hazelton v. Ry., 71 N. H., 589; Gordon v. Grand St. Ry., 40 Barb., 546; Barth v. Kansas City Ry. Co., 142, Mo., 535; Exten v. Centry Ry. Co., 63 N. J. Law, 356.
The underlying principle of these cases is, however, implied assent to carry the intending passenger, or constructive control over him; as, for example, where a person is injured at the company’s station, or on a platform designed for the accommodation of the waiting passenger; or where the passenger was going from one car to another, with a transfer in his hand (Keator v. Traction Co., 191 Pa., 102).
• The facts in the case before us are not within these cases. If the car did not stop (and this is disputed by plaintiff*» own testimony), I think plaintiff failed to affirmatively show a state of facts, tending to show any assent, actual or implied, to receive her as a passenger. On the contrary the evidence tends to show stoppage for another reason. (The car was coming around a “Y” and was changing to the main feed wire when *543 the accident occurred). There is no testimony that the motorman -or conductor were signalled to stop, although a witness' did say on cross-examination that she (the witness) signalled the ear to stop. This is not sufficient.
In Schepens v. Union Depot Ry. Co., 126 Mo., 665, a man ran towards a car with his hand raised, but there was no evidence that the signal was seen by those in charge of the car. The court said:
“He could not in this'manner, by his own act alone, constitute himself a passenger, and thus secure the high degree of care due from a carrier to a passenger.”
In West Chic. St. Ry. Co. v. Binder, 51 Ill. App., 420, a boy of twelve put up his hand as a signal for a cable car to stop. There was no evidence that the gripman saw the boy. The boy ran towards the car, which slackened its speed; he caught hold of the rear platform, when a sudden increase in speed, threw' him, and he was run over and killed. Held: Not a passenger.
To establish the relation of passenger and carrier, there must be at least an offer and request to be carried on one side, and an acceptance by the other. Shear. & Redf. on Neg., 4th Ed. par. 488; Patterson Ry., Acc. Law, 210, 214.
No 'Offer or request was brought home to the company, and the jury could not have found an acceptance on its part.
Outside of the cases cited, supra, to enable a person to claim the .relation existed, where no actual physical contract took place, it ought to appear that the car stopped for the purpose of enabling the intended passenger to enter, in response to her signal. Booth on St. Rys., par. 326; cited approvingly in Smith v. Ry. Co., 32 Minn., 1; Baltimore v. State, 28 At. Rep., 397.
The record fails to show this to be "the fact.