# Stephen Janowicz, Administrator, v. Pittsburgh, Fort Wayne & Chicago Railroad Company, et al.

### Gen. No. 12,220.

1. TRESPASSER—*when railroad company not liable for injury to.* A railroad company is not liable for an injury to a trespasser upon its tracks unless such injury is wantonly inflicted.

2. WANTON INJURY—*what does not establish.* The failure of a railroad company to keep a lookout and to discover a trespasser upon its tracks or to ring a bell or blow a whistle, does not show wanton injury to a trespasser struck and killed by an engine of such company.

Action on the case for death caused by alleged wrongful act. Appeal from the Superior Court of Cook County, the HON. GEORGE A. DUPUY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1905. Affirmed. Opinion filed February 20, 1906.

**Statement by the Court.** Appellant brought this action in the Superior Court to recover damages for the wrongful killing on March 27, 1902, of Stanislau Macziaszek, a lad twelve years of age. He was upon the west-bound track of appellees in South Chicago walking west, and when about twelve or fifteen feet east of the east crossing or sidewalk of Exchange avenue appellees' switch engine, which was going slowly west at the rate of speed of three or four miles an hour, struck him with the front footboard and passed over him, rolling his body along to a point just west of the west sidewalk or crossing of Exchange avenue. No whistle was blown or bell rung except the bell in the gateman's tower at the crossing.

The trial resulted in a judgment for defendants.

CYRUS J. WOOD, for appellant.

GEORGE WILLARD and H. M. PIERCE, for appellees.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

The only witness to the accident produced on the trial was Jacob Wasser. He testified as follows:

"The boy is going straight along to the sidewalk and the engine was pretty close on to him, and the boy was going about nine ties from the east side, that is about eighteen feet from the sidewalk when the engine knocked him down right on his legs. * * * He was right in the middle, right in the middle between these two rails. He was about eighteen feet east of Exchange avenue when he was struck by the engine."

It is conceded by counsel for appellant that the deceased was upon the west-bound track of the defendants walking west, and that when he was about twelve feet east of the east sidewalk or crossing of Exchange avenue he was overtaken by the engine which was going slowly west. It thus appears from the evidence, and it is conceded by appellant's counsel, that appellant's intestate was not on the crossing when he was run down by the engine, but was upon the right of way or tracks of appellees.

The law of this State is "that a railroad company in the operation of its trains owes no duty to a trespasser upon its right of way or tracks, except that it will not wantonly or wilfully inflict injury upon him." It is also the settled law of this State " that the mere fact that signals required by statutes and ordinances are not given even though those operating its trains may have. knowledge of the fact that persons had been in the habit of crossing its track or walking upon them at places other than public crossings or public places will not amount to proof of wilful and wanton disregard of duty toward such trespassers." I. C. R. R. Co. v. O'Connor, 189 Ill., 559; I. C. R. R. Co. v. Eicher, 202 Ill., 556; I. C. R. R. Co. v. Hetherington, 83 Ill., 510; Wabash R. R. Co. v. Kingsley, 177 Ill., 558; Blanchard v. L. S. & M. S. Ry. Co., 126 Ill., 416; I. C. R. R. Co. v. Leiner, 202 Ill., 631.

The testimony of the witness Wasser shows clearly that no one on the engine saw or knew that appellant's intestate was on the track before or at the time he was struck by the engine. Counsel for appellant says in his brief, "it is probable that they (the engineer and fireman) did not see him until after he was killed." That is the only inference, we think, to be drawn from the evidence. It is contended, however, that the

failure of the engineer or fireman or some one on the engine
to discover the deceased at or before the time he was struck
by the engine constitutes wanton and wilful negligence.    But
it was said in Martin v. C. & N. W. Ry. Co., 194 Ill., 138:
"It is not the duty of the railroad company or its servants
in charge of its engines to keep a lookout to avoid injury to
those who are trespassers upon its grounds."    To the same
effect is I. C. R. R. Co. v. Noble, 142 Ill., 578, and Wabash
R. R. Co. v. Jones, 163 Ill., 167.

In view of the uncontroverted fact in the case that appel-
lant's intestate was a trespasser on the right of way and track
of appellees we think the court did not err in excluding the
ordinances alleged in the declaration.    Such ordinances were
passed for the protection of travellers on the highway and
public crossings or public places, and those who are rightfully
upon the tracks or grounds of the railroad, and not for the
benefit of persons walking along and upon the railroad right
of way, using it as a foot path.    C., R. I. & P. Ry. Co. v.
Eininger, 114 Ill., 84; Roden v. C. & G. T. Ry. Co., 133
Ill., 73.    Had the ordinances been admitted in evidence it
would not have tended to show that the injury was wantonly
or wilfully inflicted.    P. C. C. & St. L. Ry. Co. v. Kinnare,
203 Ill., 390; I. C. R. R. Co. v. Hetherington, *supra;* Blan-
chard v. L. S. & M. S. Ry. Co., *supra.*

Considering the uncontroverted facts and the law as stated
in the above authorities it is unnecessary for us to discuss in
detail the alleged errors in instructions, for in any view of it
there can be no recovery in this case.    We are of the opinion,
however, that there is no reversible error in giving or refus-
ing instructions.

Finding no reversible error in the record the judgment of
the Superior Court is affirmed.

*Affirmed.*