## Margaret Dwyer, Appellee, v. Chicago City Railway Company, Appellant.

## Gen. No. 14,971.

1. VERDICTS—*when not disturbed.* A verdict will not be set aside on review as against the weight of the evidence unless clearly and manifestly so.

2. INSTRUCTIONS—*when will not reverse as erroneously assuming relation of passenger and carrier.* Held, that even though the instruction in this case did erroneously assume the existence of the relation of passenger and carrier at the time of the accident, namely, at or about the time the plaintiff had alighted from the defendant's car, yet such error would not reverse because of the instructions asked and given at the request of the defendant.

3. INSTRUCTIONS—*what need not contain.* It is not necessary to repeat in each separate instruction a proposition once clearly stated in others of the same series.

Action in case for personal injuries. Appeal from the Circuit Court of Cook county; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in this court at the October term, 1908. Affirmed. Opinion filed March 31, 1910.

JOHN E. KEHOE and C. LEROY BROWN, for appellant; JOHN R. HARRINGTON, of counsel.

JAMES C. MCSHANE, for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

Plaintiff recovered a judgment for $2,500 against defendant in an action for personal injuries. Defendant appeals. The declaration consists of one count charging that plaintiff was a passenger upon one of defendant's street cars running on Archer avenue, Chicago; that defendant stopped the car to permit her to alight and that while promptly attempting so to do and while in the act of alighting, but before she had fully gotten off the car and while she was exercising ordinary care and caution for her own safety, the defendant "negligently and improperly started said car forward suddenly and violently" and plaintiff was

thrown violently upon the ground, receiving injuries complained of.

It is contended in behalf of defendant that the verdict is not justified by the evidence. There is evidence tending to show that at the time of the accident the plaintiff was over sixty years of age. The version of the accident given by the evidence in her behalf is that when the car stopped at the junction of Archer avenue and Loomis street she was riding near the middle of the car; that it was an open summer car, the seats of which ran across the car facing each other; that she stepped down upon the foot-board running along the side of the car, and she testifies that she had put her right foot on the ground and her left foot was still "on the running-board of the car ready to step off" when the bell rang and "the car started west with a lurch." She says she "had hold of the front end of the car" with her hand, but "had no way to recover" herself; that she "was thrown violently" and laid on the pavement until picked up; that she "fell hard and didn't know anything for a moment." There is other testimony corroborating plaintiff's story. One of these witnesses states that plaintiff "was just getting her foot down when the car started off;" another, that he was on the car, getting off at the same time and was behind her; that he "got off the car and the lady had one foot off and one foot on the foot-board, and the conductor pulled the bell and the car gave a jerk and I went off. She fell." A third witness testifies that "the car stopped and the old lady got up to get off and the conductor rang the bell before she was off onto the street, and she fell."

The defendant's contention is that the plaintiff had gotten off and was entirely free from the car, apparently standing safely alongside of it, and that just as the car started up again she seized hold of one of the hand-rails, for some reason not appearing. One of defendant's witnesses testifies that "after the lady got entirely off the car she kind of lost her balance and she

grabbed the handle again and the car started up as she grabbed the handle and she fell.'' Another says he did not see plaintiff on the car at all, but first saw her standing on the ground beside the car ''about two or three feet back of the front of the car;'' and ''as the car started up the lady went against the car'' and he ''thought she intended to get on;'' that ''the car went on a little ways and the lady fell back into the street backwards;'' that he ''don't know that she had hold of the car, but seemed as if she was going to catch ahold of the car.'' A third of defendant's witnesses says plaintiff was on the ground ''and it seemed as though she suddenly changed her mind and got ahold of the handle and at that time the conductor gave the bell to start off and she fell.'' On cross-examination he says he ''did not see her take any step in any direction from the time she stepped off until she fell.'' The conductor's version is that when ''everybody was off I happened to see a lady getting off the car. She got off the car and as I saw her let go I gave the bell to go and just as soon as I gave the bell to go she happened to grab hold again. I tried to stop as quick as I could, but in the meantime she had fell before it stopped.'' The car only went a little over half its length.

It will be seen from this review of the evidence that it is conflicting as to the position of the plaintiff when the car started. The version of the defendant tends to show that she might have gotten both feet on the ground, but had not gotten her balance, and that to do this and prevent falling she stretched out her hand to the car, which started upon the instant. If we accept this theory it was still a question for the jury whether the car was negligently started before plaintiff had gotten safely on her feet upon the ground, thus causing her injuries. There is evidence which sustains the verdict on the question of negligence and no reason appears why we should interfere with the finding of fact on that issue.

It is urged that there are errors in the instructions which require reversal. The first of these alleged errors is that an instruction given at plaintiff's request assumed that plaintiff was a passenger, whereas it is argued, if she had "completely alighted from appellant's car at the instant the car started, she had then ceased to be a passenger and was not entitled to claim that high degree of care required of a common carrier toward one sustaining the relation of passenger." Substantially the same instruction was considered in Chicago City Ry. Co. v. Shreve, 226 Ill. 530-539, where it was sustained. It is insisted however that in the case at bar there is a controversy as to whether at the time of the accident the plaintiff had not ceased to be a passenger, and that the instruction in this case therefore is open to objection. But it is the theory of the plaintiff that she was still a passenger when the car started. The relation of carrier and passenger would terminate if the passenger had safely alighted in a safe place. Plaintiff's contention is that she had not so alighted at the time the car started and was still a passenger, to whom the defendant still owed all the obligations due one occupying such relation. Plaintiff was entitled to have the jury instructed as to the law applicable to her theory of the case. Fitzgerald v. Benner, 219 Ill. 485-499. The instruction however is not in our view open to the objection that it fails to limit the duty of the "carrier to do all that human care, vigilance and foresight can reasonably do" to passengers. It is said in defendant's brief, "Of course in law such a duty was only to a passenger, but the instruction did not say so." We think that in substance it does say so. It states that if the carrier neglects its duty as therein defined, it is responsible for such neglect "if the *passenger* is in the exercise of ordinary care;" that while a common carrier is not an insurer "of the absolute safety of its *passengers*," it does undertake "to exercise the highest degree of practicable care to secure the safety of its *passen-*

*gers,*" and is "responsible for the slightest neglect directly resulting in injury to the *passenger."* The instruction did not direct a verdict and the objections urged are not we think well taken. Even if the instruction be regarded as erroneously assuming plaintiff was a passenger at the exact time the accident occurred, we agree with plaintiff's counsel that the alleged error must be deemed cured by an instruction given at defendant's request, in which the jury were told in substance that if they believed from the evidence the defendant allowed the plaintiff time to alight from the car in safety, that she did so alight and was on the ground in a position of safety when the car started, and that afterward her fall was brought about by her own negligence and without negligence of the defendant, then the defendant should be found not guilty. In this instruction there is no reference to whether plaintiff was or was not a passenger, and the question was submitted whether plaintiff was injured in consequence of her own negligence and whether she was in fact clear of the car when injured, and the jury were told that if she was so, she could not recover.

The next instruction complained of told the jury in substance that if they should believe from the evidence that plaintiff while in the exercise of ordinary care was injured as a direct result of negligence of defendant as charged in the declaration, if they believed from the evidence defendant was so negligent, then defendant should be found guilty. A similar instruction is approved in C. & A. R. R. Co. v. Fisher, 141 Ill. 614. It is urged this instruction is erroneous because it ignored "the essential element that plaintiff be a passenger at the time of the injury." The instructions as a whole did not, as we have indicated, ignore that element. It is not necessary to repeat in each separate instruction a proposition once clearly stated in others of the same series. The instruction complained of referred to "the negligence of the defendant as charged in the declaration." The negligence so charged is al-

leged to have caused injury to plaintiff as a passenger. The case in our opinion differs materially from C. B. & Q. R. R. Co. v. Mehlsack, 131 Ill. 61, cited by defendant's counsel. In that case the "main controversy at the trial was as to whether the plaintiff at the time he was injured was a passenger on said train or a mere traspasser seeking to obtain a ride without the knowledge or consent of the defendant" and "without paying fare." In the case at bar it is not questioned that plaintiff was a passenger in good faith while alighting from the car. Under the defendant's own evidence the jury were authorized to believe that even if plaintiff had actually gotten off the car, she might have grasped it again because she had not gotten so firmly on her feet as to secure her balance on the ground before the car was started, and that the starting under such circumstances was negligence toward a passenger who had not then been able to entirely sever the relationship. There is a wide difference between the two cases. In our opinion the alleged error could not have misled the jury, and for this and other reasons is not cause for reversal in the case at bar.

It is urged the damages are excessive. No good purpose can be served by a review of the evidence relating to the nature and severity of the plaintiff's injuries. It must suffice to say the finding of the jury in that respect is justified by the evidence.

It is urged that there are errors in the admission of evidence relating to an impacted fracture of the neck of the femur on the ground that no connection, as it is claimed, was shown between the accident and this alleged fracture. There is however sufficient evidence to warrant the jury in believing that such fracture resulted from the accident in controversy. There is no reason found in the evidence which warrants belief that it had any other cause or origin, and all the evidence as to plaintiff's injuries tends to show that the leg was severely bruised and injured by the accident in controversy. It can serve no useful purpose to

further extend this opinion to follow counsel in the detailed consideration of the evidence claimed to have been erroneously admitted. We have considered it with care and find no reversible error. The judgment of the Circuit Court must be affirmed.

*Affirmed.*